STATE v. BULLY RODGERS, PETER LOCKLEAR AND WEALTHY LOWRY.

(Filed 22 May, 1940.)

**Criminal Law §§ 58, 81a—**

    A motion for a new trial for newly discovered evidence, made in the trial court after decision of the Supreme Court affirming the judgment of conviction, is addressed to the discretion of the trial court, and its refusal of the motion is not appealable.

---

---

APPEAL by defendants from *Nimocks, J.,* at January-February Criminal Term, 1940, of ROBESON.

Motion by defendants for new trial on ground of newly discovered evidence.

At the May Criminal Term, 1939, Robeson Superior Court, the defendants herein were tried and convicted of conspiracy, burglary in the second degree, and robbery with firearms. From judgments entered, the defendants appealed to the Supreme Court. The judgments were affirmed in an opinion filed 13 December, 1939.

At the succeeding term of Robeson Superior Court following affirmance of the judgments on appeal, the defendants lodged a motion for new trial on the ground of newly discovered evidence on authority of *S. v. Casey,* 201 N. C., 620, 161 S. E., 81, and *S. v. Starnes,* 97 N. C., 423, 2 S. E., 447. The motion was duly considered and denied.

Defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Bruton for the State.*

*J. E. Carpenter, E. J. & L. J. Britt, and D. M. Stringfield for defendants.*

PER CURIAM. The motion of the Attorney-General to dismiss the appeal for the reason that no appeal lies to this Court from a discretionary determination of an application for a new trial on the ground of newly discovered evidence must be allowed on authority of *S. v. Ferrell,* 206 N. C., 738, 175 S. E., 91, and *Jarrett v. Ins. Co.,* 208 N. C., 343.

The case is not like *Crane v. Carswell,* 204 N. C., 571, 169 S. E., 160, where the "newly discovered evidence," as this phrase is defined in the law, was insufficient to invoke a discretionary ruling in favor of the movant.

Appeal dismissed.