### STATE v. DUNCAN THOMAS.

(Filed 11 December, 1946.)

**Criminal Law § 67—**

> An appeal to the Supreme Court does not lie from a discretionary determination of an application by defendant for a new trial on the ground of newly discovered evidence.

APPEAL by defendant from *Parker, J.,* at 19 August, 1946, Term, of HOKE.

Criminal prosecution upon two bills of indictment charging defendant with receiving stolen property, to wit, a certain quantity of tobacco, knowing the same to be stolen. Verdict: Guilty as charged in both cases. Judgments imposed at November Term, 1945, and affirmed on appeal to Supreme Court at Spring Term, 1946, 226 N. C., 384, 38 S. E. (2d), 166. Thereafter, at August Term, 1946, of Superior Court of Hoke County, defendant filed motion for a new trial on account of newly discovered evidence,—supporting same by certain affidavits. The judge presiding, being of "opinion that the affidavits offered do not meet the test for a new trial as laid down in *S. v. Casey,* 201 N. C., 620, and *S. v. Edwards,* 205 N. C., 661, and similar cases," denied the motion in his discretion, and entered judgment in accordance therewith.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Franklin S. Clark and W. S. Britt for defendant, appellant.*

PER CURIAM. Appeal to this Court does not lie from a discretionary determination of an application for a new trial on the ground of newly discovered evidence. See *S. v. Rodgers,* 217 N. C., 622, 8 S. E. (2d), 927, and cases cited. Hence, the appeal in the present case is

Dismissed.