### STATE v. L. C. PARKER.

(Filed 19 March, 1952.)

**1. Criminal Law § 21—**

Acquittal on a charge of possession of intoxicating liquor in Recorder's Court upon a warrant issued subsequent to the institution of a prosecution in the Superior Court for possession of intoxicating liquor for the purpose of sale will not support a plea of former acquittal.

**2. Criminal Law §§ 57b, 81a—**

Motion for a new trial for newly discovered evidence is addressed to the sound discretion of the trial court, and its refusal of the motion is not reviewable in the absence of abuse of discretion.

APPEAL by defendant from *Sharp, Special Judge,* December Term, 1951, of JOHNSTON. Affirmed.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*J. R. Barefoot and E. Reamuel Temple for defendant, appellant.*

DEVIN, C. J. On defendant's former appeal in this case (*S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907), his conviction on the charge of possession of intoxicating liquor for the purpose of sale was upheld by this Court and the case remanded to the Superior Court "to the end that proper judgment be entered in accordance with this opinion." Judgment has now been rendered within the terms of the statute and in accordance with the decision of this Court. From this no appeal would lie.

Defendant, however, moved in arrest of judgment and interposed plea of former jeopardy, on the ground that subsequent to defendant's conviction in the Superior Court he was acquitted in the Recorder's Court of the charge of possession of intoxicating liquor. His motion was denied and plea overruled, and properly so, we think, for the reasons set out in the opinion in the former appeal. *S. v. Parker, supra; S. v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594. See also *S. v. Bell,* 205 N.C. 225, 171 S.E. 50.

Defendant's motion for new trial for newly discovered evidence was presented to the court below and was denied in the court's discretion. Abuse of discretion is not suggested. No question is presented for our decision. *S. v. Lea,* 203 N.C. 316, 166 S.E. 292.

The judgment imposing sentence is

Affirmed.