## STATE v. ROBERT A. WILLIAMS.

(Filed 19 September, 1956.)

**1. Criminal Law § 81d—**

Upon appeal from refusal of motion to grant a new trial for newly discovered evidence, the Supreme Court will not review questions assigned as error in a former appeal dismissed for failure to comply with the Rules of Court.

**2. Criminal Law § 57b—New trial for newly discovered evidence will not lie for evidence that could have been procured by due diligence at original hearing.**

Upon the original trial, defendant's motion for *nol pros* under Chapter 140, Public-Local Laws of 1935, on the ground that he had attended three successive terms of court excluding the term to which the bail was returnable, was denied upon the court's finding that defendant had not attended three successive terms of court. Defendant moved for a new trial for newly discovered evidence on the ground that he had not testified that he had attended a certain term of the court because he had not been asked in regard thereto and offered in evidence the calendar for such term. *Held:* The motion for new trial for newly discovered evidence was properly denied, since it is apparent that the evidence relied on was available to defendant at the original trial, and further that the records in the clerk's office tending to show defendant's attendance at the term in question were at all times available to defendant.

**3. Criminal Law § 81a—**

A motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and the denial of the motion is not appealable and is not reviewable in the absence of abuse of discretion.

APPEAL by defendant from *Paul, J.,* June Term, 1956, of CRAVEN.

This is a criminal prosecution originally tried in the Recorder's Court of the City of New Bern upon a warrant issued on 20 January 1955, charging the defendant with the operation of a motor vehicle upon the public roads or streets of the City of New Bern on 12 November 1954, while under the influence of intoxicating liquor, opiates or narcotic drugs, and with careless and reckless driving. The case was tried before the judge of the Recorder's Court and a six-man jury. A verdict of guilty was returned on both counts. Upon motion of the defendant, the judge set aside the verdict on the count of reckless driving but imposed a fine of $100.00 and costs on the other count. The defendant appealed to the Superior Court of Craven County.

The grand jury returned a true bill of indictment against the defendant at the November Term 1955 of the Superior Court, charging him with the same offenses charged in the warrant upon which he was tried in the Recorder's Court. The case was called for trial at the January Term 1956 of the Superior Court on the count in the bill of indictment charging him with the operation of a motor vehicle upon the public highways of Craven County, while under the influence of intoxicants or narcotics. The jury was duly impaneled and upon the evidence submitted, returned a verdict of guilty.

The court imposed a fine of $100.00 and costs and the defendant appealed to the Supreme Court at the Spring Term 1956 and the appeal

was dismissed on 12 April 1956 for failure to comply with Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562.

At the June Term 1956 of the Superior Court of Craven County, Judge Paul presiding, his Honor heard a motion for a new trial upon the ground of newly discovered evidence. The court heard the evidence and argument of counsel, found certain facts, and upon such facts denied the motion. From the denial of this motion the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Giles for the State.*

*J. Wayland Sledge for defendant, appellant.*

DENNY, J. The original counsel in this case, Mr. Charles L. Abernethy, Jr., having testified in the hearing below, filed a motion in this Court requesting permission to withdraw as counsel for the defendant. We allowed the motion.

The defendant contends that he is entitled to have this criminal charge *nol prossed* and abated under the provisions of Chapter 140, Public-Local Laws of 1935, which are applicable to the criminal terms of the Superior Court of Craven County. The pertinent part of the Act upon which the defendant relies, is as follows: "Sec. 4. That when any defendant is held to bail in said court and has attended three successive terms of said court, excluding the term to which the bail was returnable, and has not, at any of such terms, moved for a continuance of said cause against said defendant, such charges against said defendant shall be *nol prossed* and he shall be forever discharged from further prosecution on such charges: Provided, this section shall not apply to defendants charged with felonies." Section 2 of the Act only requires defendants to attend court when their cases are calendared for trial.

The defendant moved for a *nol pros* of this action pursuant to the provisions of the above Act before pleading to the bill of indictment when the case was called for trial at the January Term 1956. The court at that time found as a fact that the case was calendared and that the defendant attended the June Criminal Term 1955, the August Special Criminal Term 1955, and the November Criminal Term 1955; that the case was not calendared and that the defendant did not attend the September Criminal Term 1955 of the Superior Court of Craven County. The motion was denied on the ground that the defendant did not attend three successive terms of the court. The defendant excepted to this ruling, and his second assignment of error in his case on appeal to this Court at the Spring Term 1956 was based thereon.

On appeal from a refusal of the court below to grant a new trial upon the ground of newly discovered evidence, we will not review questions

assigned as error in a former appeal to this Court which was dismissed for failure to comply with our rules.

We take the view that the present appeal presents only the question whether the trial court committed error in denying the defendant's motion for a new trial on the ground of newly discovered evidence.

The sum and substance of the evidence upon which the defendant moved for a new trial on the ground of newly discovered evidence, is simply this: The defendant testified in the hearing below that he also attended the April Criminal Term 1955 of the Superior Court of Craven County; that no motion for a continuance of the case was made on his behalf, and that the only reason he did not testify as to his attendance at the above term of court when the original motion was made to *nol pros* the case at the January Term 1956, was because he was not asked about his attendance at such term. Counsel for the defendant who testified in the hearing below, admitted that in the former hearing no evidence was offered tending to show that the defendant had attended the April Criminal Term 1955 of the Superior Court. The defendant offered in evidence the printed calendar for the April Criminal Term 1955 which showed this case calendared for trial on Wednesday, 13 April 1955. The Clerk of the Superior Court of Craven County testified that a subpoena issued in the case and returned on 13 April 1955, was at all times available to the defendant and his counsel had they inquired about it.

In the case of *S. v. Casey,* 201 N.C. 620, 161 S.E. 81, *Stacy, C. J.,* stated the prerequisites to the granting of new trials on the ground of newly discovered evidence, one of which being that "due diligence was used and proper means were employed to procure the testimony at the trial." It is clear from the evidence offered in the hearing below that all the evidence now proffered as newly discovered evidence was known to the defendant and his counsel at the time of the original hearing in January 1956, or could have been procured by due diligence.

It is also stated in the last cited case, "To do justly is the goal of the courts in every case, but this does not mean to favor the negligent at the expense of the diligent party. He who sleeps upon his rights may lose them."

Moreover, a motion for a new trial upon the ground of newly discovered evidence, is addressed to the sound discretion of the trial court and its refusal to grant the motion is not reviewable in the absence of abuse of discretion. *S. v. Parker,* 235 N.C. 302, 69 S.E. 2d 542. No abuse of discretion is suggested on this record. A motion for a new trial in a criminal case, on the ground of newly discovered evidence, will not be granted in the Supreme Court. The rule is otherwise, however, in civil actions. See *S. v. Casey, supra.*

Furthermore, no appeal lies to this Court from a discretionary determination of an application for a new trial for newly discovered evidence. *S. v. Murphy,* 236 N.C. 380, 72 S.E. 2d 751; *S. v. Bryant,* 236 N.C. 379, 72 S.E. 2d 750; *S. v. Suddreth,* 230 N.C. 754, 55 S.E. 2d 690; *S. v. Thomas,* 227 N.C. 71, 40 S.E. 2d 412; *S. v. Rodgers,* 217 N.C. 622, 8 S.E. 2d 927; *S. v. Edwards,* 205 N.C. 661, 172 S.E. 399; *S. v. Lea,* 203 N.C. 316, 166 S.E. 292. Hence, under the authority of the above cases, this appeal is dismissed.

Appeal dismissed.