STATE OF NORTH CAROLINA v. OSBIE NORWOOD DIXON.

(Filed 10 April 1963.)

**1. Criminal Law § 125—**

A motion for a new trial for newly discovered evidence is inapposite to evidence that the sample of defendant's blood, the subject of expert testi-

STATE *v.* DIXON.

mony at the trial, had been destroyed prior to the trial, defendant having made no inquiry in regard to the blood sample before or at the trial, since defendant's ignorance at the time of the trial that his blood sample would not have been available if he had demanded it, does not constitute newly discovered evidence.

**2. Same—**

The discretionary refusal of a motion for a new trial for newly discovered evidence is not reviewable in the absence of a showing of abuse of discretion.

APPEAL by defendant from *Paul, J.,* October 1962 Criminal Term of LENOIR.

Motion for a new trial on the grounds of newly discovered evidence.

Defendant was convicted at the October 1961 Term upon an indictment which charged him with operating a motor vehicle upon the public highways of Lenoir County on May 26, 1961 while under the influence of intoxicating liquor. At the time of his arrest, he made a written request that David Lutz, a medical technologist, draw a sample of his blood for the purpose of determining its alcoholic content. The request contained a statement that defendant understood that the results of the test might be used for or against him and that a report would be available for his use. Mr. Lutz made the test and reported an alcoholic content in defendant's blood of .19%. He did not preserve the blood sample after he made the report.

At the trial, Lutz qualified as an expert medical technologist. He testified to his reported findings and also that any person whose blood had an alcoholic content of .19% was under the influence of alcohol. At no time, before or during the trial, did defendant or his counsel inquire whether Mr. Lutz had preserved defendant's blood sample, nor did they make any effort to have another expert examine it. The jury returned a verdict of guilty and from the sentence imposed defendant appealed. At the Spring Term 1962, this Court found no error in the trial. *State v. Dixon,* 256 N.C. 698, 124 S.E. 2d 821. At the next term of the Superior Court after the opinion was certified to it, defendant made a motion for a new trial on the ground that, subsequent to his conviction, he had learned that his blood sample had been destroyed prior to the trial. Judge Paul denied the motion as a matter or right and in the exercise of his discretion. Defendant again appealed to this Court.

*Attorney General T. W. Bruton and Assistant Attorney General G. A. Jones, Jr., for the State.*

*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. There is no thaumaturgy which can transform into newly discovered evidence defendant's ignorance at the time of his trial that the blood sample, about which he did not inquire, would not have been available if he had demanded it. The seven prerequisites to the granting of a new trial for newly discovered evidence are listed seriatim by Stacy, C.J., in *State v. Casey*, 201 N.C. 620, 161 S.E. 81. Defendant meets not one of these requirements. Furthermore, a motion for a new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court which is not reviewable in the absence of an abuse. *State v. Williams*, 244 N.C. 459, 94 S.E. 2d 374. Judge Paul's ruling denying defendant's motion both as a matter of right and in his discretion met the requirements of judicial decorum.

Appeal dismissed.