## STATE v. CHARLES E. MORROW.

(Filed 17 March, 1965.)

**1. Criminal Law § 125—**

　　Repudiation by one witness of his testimony at the trial is not a sufficient basis to invoke the court's discretionary power to order a new trial for newly discovered evidence when the testimony of such witness at the trial was merely cumulative or corroborative of testimony given by other witnesses.

**2. Same—**

　　A motion for a new trial for newly discovered evidence is addressed to the sound discretion of the trial court, and the court's determination thereof will not be disturbed in the absence of a showing of abuse of discretion.

APPEAL by defendant from *Martin, Special Judge,* November 9, 1964 Special Criminal Session of MECKLENBURG.

At April 13, 1964 Special Criminal Session of Mecklenburg, the jury found defendant "guilty as charged of the crime of rape with a recommendation of life imprisonment," and judgment of life imprisonment was pronounced. Upon defendant's appeal, this Court at Fall Term 1964 found "No error." *S. v. Morrow,* 262 N.C. 592, 138 S.E. 2d 245. Thereafter, in the superior court, defendant, attaching thereto an affidavit of Warren H. Summers, filed a motion for a new trial on the ground of newly discovered evidence.

At February 3, 1964 Criminal Session of Mecklenburg, defendant, Charles E. Morrow, and Warren Hill Summers were indicted jointly for the rape on December 21, 1963 of Sara Lee Guion.

At said April 1964 Session, Summers, through counsel, tendered a plea of guilty as charged. The solicitor, with the approval of the court, accepted said plea; and the court, in compliance with G.S. 15-162.1, pronounced judgment that Summers be imprisoned for life in the State's Prison.

In the trial of defendant at said April 1964 Session, Summers, as a witness for the State, testified, in substance, that he and defendant had raped Mrs. Guion. Mrs. Guion and her husband, Benny Guion, as witnesses for the State at said trial, positively identified Summers and defendant as the men involved and testified that each had raped Mrs. Guion.

The affidavit of Summers attached to defendant's said motion for a new trial asserts that his testimony as a State's witness in the trial of defendant "is false."

A plenary hearing in open court on defendant's said motion, defendant being present in person and represented by counsel, was conducted by Judge Martin. Evidence was offered by defendant and by the State.

At said hearing before Judge Martin, Summers testified that he did not rape Mrs. Guion; that he did not see her on the night of December 21, 1963 or on any other occasion prior to his arrest; and that he was not with the defendant on the night of December 21, 1963.

The testimony of Summers at said hearing before Judge Martin was in direct conflict with: (1) Summers written (signed) statement of March 5, 1964; (2) his statements in open court in response to questions by Judge Braswell when his plea of guilty was tendered and accepted; (3) the testimony of counsel who had represented him prior to and on the occasion he tendered his plea of guilty; (4) the testimony of Mr. Stegall, one of the arresting officers; and (5) his own testimony at the trial of defendant at said April 1964 Session.

At the conclusion of said hearing, after stating his findings of fact and conclusions of law, Judge Martin, "in the discretion of the Court," denied defendant's motion and ordered that defendant "be remanded to the custody of the State Prison Department."

Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*George J. Miller for defendant appellant.*

PER CURIAM. The evidence offered by defendant in support of his motion was insufficient to establish the prerequisites for granting a new trial on the ground of newly discovered evidence stated by Stacy, C.J., in the oft-cited case of *S. v. Casey*, 201 N.C. 620, 161 S.E. 81. Moreover, a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court. *S. v. Williams*, 244 N.C. 459, 94 S.E. 2d 374; *S. v. Dixon*, 259 N.C. 249, 130 S.E. 2d 333. The findings of fact are amply supported by the evidence. As stated by Judge Martin, the testimony of Summers at the trial of defendant at said April 1964 Session "was merely accumulative and corroborative of the testimony of the witness Sara Lee Guion and Mr. Guion." Judge Martin, in the exercise of his discretion, denied defendant's said motion. No abuse of discretion is suggested and certainly none appears. We perceive no merit in defendant's appeal. Hence, Judge Martin's order will be and is affirmed.

Affirmed.