STATE OF NORTH CAROLINA v. CLAIBORNE LEE SHERRON

No. 6914SC493

(Filed 22 October 1969)

1. **Criminal Law § 131— motion for new trial for newly discovered evidence — impeachment of prosecutrix — different result on retrial**

Where defendant was convicted of assaulting his wife, defendant's motion for a new trial on the ground of newly discovered evidence was properly denied where such evidence tended to show that at the time of the trial defendant's wife was pregnant by another man and that she later falsely alleged in a divorce action that the child had been born of her marriage to defendant, since at most the evidence would tend only to impeach one of the witnesses against defendant and is not of such a

nature as to show that on another trial a different result would probably be reached.

**2. Criminal Law § 131— new trial for newly discovered evidence — discretion of court**

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its refusal to grant the motion is not reviewable in the absence of abuse of discretion.

ON *Writ* of *Certiorari* to review an order of *Ragsdale, J.,* at the 26 May 1969 Criminal Session of DURHAM Superior Court.

On 12 June 1968 defendant was convicted in the Superior Court of Durham County of the crime of assault on a female, he being a male over eighteen years old. He was sentenced to prison for a term of 21-24 months. On appeal to this Court the judgment was affirmed by opinion certified to the clerk of Superior Court of Durham County on 12 May 1969. *State v. Sherron,* 4 N.C. App. 386, 166 S.E. 2d 836. At the next term of Superior Court following certification of the opinion of the Court of Appeals, defendant, through counsel, moved that the verdict against him he set aside and he be granted a new trial on the grounds of newly discovered evidence. From order denying his motion for a new trial, defendant gave notice of appeal to the Court of Appeals. After docketing the record in this Court, defendant moved that this matter be considered as upon petition for *writ* of *certiorari,* which motion was granted.

*Attorney General Robert Morgan and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*John C. Randall for defendant appellant.*

PARKER, J.

[1] The substance of the new evidence referred to in defendant's motion for a new trial was: First, a letter dated 7 August 1968 purportedly written by defendant's wife, who was prosecuting witness at the trial which resulted in his conviction and imprisonment, stating that at the time of the trial she was pregnant by another man; and second, the complaint in a divorce action verified by the wife on 18 March 1969, in which she alleged that the child had been born of her marriage to defendant. Defendant contends that this evidence would show that at the time of his trial the prosecuting witness had committed adultery, that this furnished a substantial reason for her to falsify her testimony in order to get rid of her husband, and that later she made a false allegation as to paternity of the child when she verified the complaint in the divorce action. De-

fendant argues that this evidence indicates that the prosecuting witness not only had reason to falsify her testimony against him but also had a propensity to do so.

The prerequisites for granting a new trial on the ground of newly discovered evidence were stated by Stacy, C.J., in the oft-cited case of *State v. Casey*, 201 N.C. 620, 161 S.E. 81. Among these prerequisites were that the newly discovered evidence "does not tend only to contradict a former witness or to impeach or discredit him," and "(t)hat it is of such a nature as to show that on another trial a different result will probably be reached." The evidence offered by defendant in support of his motion fails to meet these prerequisites. At most it would tend only to impeach one of the witnesses against him.

[2] Moreover, a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its refusal to grant the motion is not reviewable in the absence of abuse of discretion. *State v. Morrow*, 264 N.C. 77, 140 S.E. 2d 767; *State v. Dixon*, 259 N.C. 249, 130 S.E. 2d 333; *State v. Williams*, 244 N.C. 459, 94 S.E. 2d 374; *State v. Bryant*, 236 N.C. 379, 72 S.E. 2d 750; *State v. Cox*, 202 N.C. 378, 162 S.E. 907. No abuse of discretion appears on this record, and this matter is therefore

Dismissed.

CAMPBELL and GRAHAM, JJ., concur.