State v. Grant

STATE OF NORTH CAROLINA v. LYMAN EUGENE GRANT AND ERNIE M. TOMLINSON

No. 738SC91

(Filed 25 July 1973)

1. Criminal Law § 43— identification of photographs — admissibility for illustration

Testimony by a witness that photographs contained an image like the automobile he observed was sufficient to permit introduction of the photographs for the purpose of illustrating the testimony of the witness.

2. Criminal Law § 66— identification of defendant from photographs — admissibility of corroborative evidence

Trial court did not err in admitting testimony of an SBI agent that robbery victims identified defendant from photographs, though defendant objected to the testimony, where the agent's testimony was offered only as corroboration to the same testimony already in evidence given by the victims.

3. Criminal Law § 34; Robbery § 3— robbery prosecution —> evidence of payment of fine for prior liquor violation — admissibility to show motive

Trial court did not err in allowing evidence tending to show that defendant, who had not taken the stand, paid a fine for a liquor violation for himself and a codefendant with several new hundred dollar bills two days after the robbery in question, since the payment of the debt after the commission of the crime was offered as proof of the element of motive for the actual crime itself.

APPEAL by defendants from Cowper, Judge, at the 26 June 1972 Session of Superior Court held in GREENE County.

Each defendant was charged in four bills of indictment with: (1) armed robbery, (2) first degree burglary and felonious larceny, (3) armed robbery, and (4) kidnapping. Defendants entered pleas of not guilty to each charge, and the State presented evidence which tended to show the following:

On 20 April 1971, Milton Moye owned and operated a store located seven miles east of Snow Hill, N. C., on Highway 102; that Moye lived in a brick residence located about 150 feet from his store; that Mr. Moye is also engaged in the business of selling used cars, which he displays in his yard between his house and the store; and that on 20 April 1971, he had 10-20 used cars parked in his yard.

On that same date at about 9:15 p.m., Mr. Moye was at home watching television and he observed an automobile stop

State v. Grant

in the vicinity of the used cars. Immediately after the car stopped, Mr. Moye saw a man approaching on the walkway to his home; Mr. Moye turned on the porch light and walked out onto the open porch. When the man was 5-6 feet from the porch he spoke to Mr. Moye and Mr. Moye asked him "Are you the man from Farmville?" Mr. Moye thought perhaps this was the man from Farmville who was going to paint a car for him. After he asked this question, two men with pistols stepped out from the side of his house; one of these armed men was wearing a lady's stocking over his face, but Mr. Moye could see the man's features through the stocking. The other man was larger, and was wearing a dark blue mask and gloves. The two armed men ordered him back inside his home, and at this time, the unmasked man, later identified by Mr. Moye as defendant Tomlinson, walked away and got into a red convertible automobile. Once inside the home, the larger of the two armed men held a pistol to Mr. Moye's head while the other, later identified by the Moyes as defendant Grant, taped Mrs. Moye's hands, feet and mouth, and then removed three rings from her fingers. The larger of the two armed men then took two pocketbooks of money that were on the kitchen table, containing approximately $2900 plus a number of checks, and also took Mr. Moye's wallet from his pants pocket. Defendant Grant turned out the lights in the house and ripped the phone off the wall.

The robbers left Mrs. Moye with her hands, feet and mouth taped in the darkened house, and marched Mr. Moye to his store at gun point, where they forced him to unlock the store. As he was unlocking the door, Moye could see defendant Tomlinson waiting in a 1963 Chevrolet convertible. Once inside, Mr. Moye was forced to open the safe and the larger of the two robbers took certain money from the safe, while defendant Grant took approximately $100 from a cash drawer. The robbers then taped Mr. Moye's hands and mouth and fled in the red and black Chevrolet convertible. Mr. Moye got the license number of the automobile and also identified defendant Tomlinson as the driver of the automobile.

A red and black convertible Chevrolet matching Mr. Moye's description was later found abandoned near Ormondsville, N. C., with a lady's stocking inside. It was determined that this car had been stolen. A 1965 cream-colored Comet automobile with a broken out taillight was seen near Mr. Moye's store at the time of the commission of the crime, and defendant Grant was

later seen driving a car of like description. On 22 April 1971, defendant Grant paid off a fine to the Clerk of Court, Lenoir County using five new one hundred dollar bills, and he also at that time paid a fine for defendant Tomlinson. The third robber was never identified or apprehended.

Defendant Grant offered evidence tending to show: that he was elsewhere at the time of the commission of the crimes; that when interviewed shortly after the robbery, Mr. Moye did not know who robbed him or even whether the robbers were black or white; that defendant Grant had borrowed $700 from Branch Bank & Trust Co. to go into the filling station business, that he had borrowed $500 from his mother to pay a fine, and that he had borrowed $600 from another person.

Defendant Tomlinson offered no evidence.

The jury found each defendant guilty of two counts of armed robbery, guilty of the lesser included offense of breaking and entering, and not guilty of kidnapping. Defendant Tomlinson was sentenced to 20 years imprisonment on each of the armed robbery counts and five years on the count of felonious breaking and entering, all to run concurrently. Defendant Grant was sentenced to 30 years on each of the two armed robbery convictions and 10 years on the felonious breaking and entering conviction, all to run concurrently.

Defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*Owens, Browning & Haigwood, by Mark W. Owens, Jr., for defendant Tomlinson.*

*Turner & Harrison, by Fred W. Harrison, and Gerrans and Spence, by C. E. Gerrans, for defendant Grant.*

BROCK, Judge.

[1]. Defendant Grant excepts to the introduction into evidence of photographs for the limited purpose of illustrating the testimony of State's witness Rex Allen Shirley. Defendant Grant contends that the witness never properly identified the photographs as being the automobile he saw, but stated only that it "looked like" the automobile he saw. This evidence was admitted for the sole purpose of illustrating the witness' testimony to

the court and jury. The witness testified that the photographs contained an image like the automobile he observed. This identification is sufficient. Stansbury, N. C. Evidence (Brandis Revision) § 34, p. 93. This assignment of error is without merit.

[2] Defendant Grant excepts to S.B.I. agent Campbell's testimony that Mr. & Mrs. Moye identified defendant Grant from photographs. Defendant's objection to this testimony was overruled at trial. Defendant did not reveal his reasons for his objection, nor did he request a voir dire. Yet, on appeal defendant contends it was the trial court's duty, upon his objection, to conduct a voir dire and making findings of fact. Agent Campbell's testimony was offered only as corroboration to the same testimony, already in evidence, by Mr. & Mrs. Moye to the effect that they had identified defendant Grant from photographs. This assignment of error is without merit.

[3] Defendant Grant assigns as error the allowance of evidence showing that on 22 April 1971 defendant Grant paid a fine for a liquor violation for himself and defendant Tomlinson to the Clerk of Court, Lenoir County. The evidence admitted showed that defendant Grant paid for his fine with several new one hundred dollar bills, corresponding to other State's evidence that several new hundred dollar bills were taken from Mr. Moye. Defendant contends that this evidence is too remote from the commission of the crime—two days afterwards—to be proper proof of the element of motive. Defendant further contends that this testimony allowed the State to impeach defendant's character, in the absence of his taking the stand, by the introduction of evidence of a prior conviction, and that it also deprived defendant of his right not to testify by forcing him to take the stand to explain this evidence. Defendant, in fact, did later testify and admit the transaction that is the subject of this exception.

Evidence of other offenses is admissible, in the absence of the defendant testifying, if it is relevant for some proper purpose other than showing accused's character or disposition. Such other proper purposes include knowledge, intent, motive, and plan or design. See Stansbury, N. C. Evidence (Brandis Revision) § 92. In the present case, the payment, after the commission of a crime, of a debt was offered as proof of the element of motive for the actual crime itself. This was a proper purpose and, in our opinion, there is a relevant connection

between this evidence and the commission of the crimes. This assignment of error is overruled.

No useful purpose would be served by a seriatim discussion of all of defendant Grant's and defendant Tomlinson's assignments of error. Suffice it to say that we have carefully examined each and every one of them and find them to be without merit. In our opinion, each defendant had a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.