STATE OF NORTH CAROLINA v. LYMAN EUGENE GRANT

No. 748SC341

(Filed 1 May 1974)

**Criminal Law § 131— new trial for newly discovered evidence — denial proper**

> The trial court did not abuse its discretion in denying defendant's motion for a new trial on the ground of newly discovered evidence where that evidence consisted of affidavits of a co-defendant and an accessory after the fact which stated that defendant was not involved in the crimes for which he was convicted.

APPEAL from order of *James, Judge,* entered at the 26 November 1973 Session of Superior Court held in GREENE County.

Defendant appeals from order denying his motion for a new trial on ground of newly discovered evidence. The motion, verified on 16 October 1973, is summarized in pertinent part as follows:

Defendant and Ernie Tomlinson were tried jointly at the 26 June 1972 Session of Superior Court held in Greene County, and convicted of two counts of armed robbery and one count of felonious breaking and entering. Defendant received a 30 years prison sentence and Tomlinson received a 20 years prison sentence. At defendant's trial, the two alleged victims of the robbery positively stated that defendant was a participant in the crimes. Subsequent to defendant's trial, Amos Stroud was tried for, and convicted of, being an accessory after the fact of the same robberies and received a prison sentence. Tomlinson and Stroud now say that defendant was not involved in the crimes for which he was convicted; that to have given testimony to that effect at defendant's trial would have required their taking the witness stand and incriminating themselves. Affidavits of Tomlinson and Stroud are attached to the motion.

Following a hearing on the motion, the trial court entered an order in which it found certain facts, made conclusions of law, and, in its discretion, denied the motion for a new trial. Defendant appealed.

*Attorney General Robert Morgan, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorneys General Jones P. Byrd and Alfred N. Salley, for the State.*

*Turner and Harrison, by Fred W. Harrison, for defendant-appellant.*

BRITT, Judge.

This case was before this court in July of 1973 when defendant appealed from the judgments imposed at his trial. In an opinion reported in 18 N.C. App. 722, 197 S.E. 2d 898 (1973), this court found no error in the .trial. The. Supreme Court denied certiorari. 284 N.C. 122, 199 S.E. 2d 661 (1973).

It is well settled in this jurisdiction that a motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court, and its order denying the motion will not be disturbed unless abuse of discretion appears. 3 Strong, N. C. Index 2d, Criminal Law, § 131,.page 53; *State v. Dixon,* 259 N.C. 249, 130 S.E. 2d 333 (1963); *State v. Chambers,* 14 N.C. App. 249, 188 S.E. 2d 54 (1972). A careful review of the record filed in this appeal, as well as the record filed in the former appeal, impels us to conclude that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

The order appealed from is

Affirmed.

Judges HEDRICK and CARSON concur.