STATE OF NORTH CAROLINA v. ANDY MARTIN

No. 7830SC1089

(Filed 20 March 1979)

**Criminal Law § 131.2— newly discovered evidence—statement contradicting testimony of former witness—new trial properly denied**

The trial judge did not abuse his discretion in denying defendant's motion for a new trial on the ground of newly discovered evidence where such evidence consisted of a statement by defendant's partner in the crime to an

SBI agent in Georgia, and such statement was directly in conflict with the testimony of the partner's wife at trial as to how the assault took place, the people involved in the assault and the time and place of the attack.

APPEAL by defendant from Thornburg, Judge. Order entered 13 October 1978 in Superior Court, SWAIN County. Heard in the Court of Appeals 1 March 1979.

Defendant was indicted for first degree murder, convicted by a jury of second degree murder and given an active sentence of 50 years. Defendant appealed to this Court and no error was found in his trial. State v. Martin, 37 N.C. App. 233, 245 S.E. 2d 596 (1978). Petition for discretionary review was denied 29 August 1978, 295 N.C. 555, 248 S.E. 2d 733. Defendant moved for a new trial based upon newly discovered evidence. The motion was denied by Judge Thornburg and defendant appeals.

Defendant was convicted primarily on the basis of testimony of Myrtle Franklin. She testified that she saw defendant in her home on 18 June 1977 and that he struck Raymond Wiggins with his fist and kicked him two or three times. Her husband, Neville Franklin, also struck Wiggins with his fist and kicked him once. Wiggins did not fight back because he was drunk. At this point, she went into diabetic shock and did not see anything else. The body of Raymond Wiggins was found at noon the next day in an abandoned building. The cause of death was determined to be loss of blood from a ruptured liver caused by being kicked or stomped. Defendant and Neville Franklin were arrested the next day when they were observed near the abandoned building; defendant was wearing boots at the time. Neville Franklin was subsequently released and was unavailable at defendant's trial, having left the state.

Defendant's motion for a new trial is based upon the following confession given by Neville Franklin to an SBI Agent in Georgia on 30 November 1977:

On the night of June 17 or 18, I'm not sure, but I believe it was a Saturday night . . . Raymond Wiggins and I got into an argument over something, I don't remember what, I asked Raymond Wiggins if he wanted to step outside and settle it and he said yes. Raymond Wiggins and I then went outside and walked over to the Weight Station. I hit Raymond in the

stomach and he (Raymond Wiggins) went down. I then stomped Raymond Wiggins in his stomach and chest. Raymond Wiggins never did get back up. I stomped him about 3 or 4 times and just left him in the Weight Station. Raymond Wiggins did not say anything to me after I stomped him, he just laid there.

*Attorney General Edmisten, by Assistant Attorney Jane Rankin Thompson, for the State.*

*Joseph A. Pachnowski, for defendant appellant.*

CARLTON, Judge.

The sole question for determination is whether the trial court erred in denying defendant's motion for a new trial on the basis of newly discovered evidence.

G.S. 15A-1415 provides in pertinent part as follows:

(a) At any time after verdict, the defendant by motion may seek appropriate relief upon any of the grounds enumerated in this section.

(b) The following are the only grounds which the defendant may assert by a motion for appropriate relief made more than 10 days after entry of judgment:

. . . .

(6) Evidence is available which was unknown or unavailable to the defendant at the time of trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

In the case at bar, defendant has *procedurally* complied with the requirements of G.S. 15A-1415(b)(6). He has not, however, shown that the trial court abused its discretion in denying the motion on the merits.

It is well settled in this jurisdiction that a motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court, and its order denying the motion will not be disturbed unless abuse of discretion appears. 4 Strong,

N.C. Index 3d, Criminal Law, § 131.1, p. 677; *State v. Dixon*, 259 N.C. 249, 130 S.E. 2d 333 (1963). In order for a new trial to be granted on the ground of newly discovered evidence, it must appear by affidavit that:

(1) the witness or witnesses will give newly discovered evidence;

(2) the newly discovered evidence is probably true;

(3) the evidence is material, competent and relevant;

(4) due diligence was used and proper means were employed to procure the testimony at trial;

(5) the newly discovered evidence is not merely cumulative or corroborative;

(6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and

(7) the evidence is of such a nature that a different result will probably be reached at a new trial.

*State v. Beaver*, 291 N.C. 137, 229 S.E. 2d 179 (1976); *State v. Casey*, 201 N.C. 620, 161 S.E. 81 (1931).

Since it is necessary for defendant to meet *all* of the requirements enumerated above, it is unnecessary to discuss each of them. Defendant has clearly failed to meet the sixth requirement.

The affidavit of Neville Franklin is directly in conflict with the testimony of the former witness, Myrtle Franklin. His statement contradicts his wife's testimony as to how the assault took place, the people involved in the assault and the time and place of the attack. It certainly does not "pick up where" Mrs. Franklin's testimony ends, as defendant argues. The "new evidence" is clearly in conflict with the testimony of a former witness.

In *State v. Grant*, 21 N.C. App. 431, 204 S.E. 2d 700 (1974), this Court held that the trial court did not abuse its discretion in denying defendant a new trial despite his showing by affidavit that a codefendant and a person convicted as an accessory after the fact in the same robberies stated after their convictions that defendant had not taken part in the crimes for which he had been convicted.

We hold that the trial judge did not abuse his discretion in denying defendant's motion for a new trial. The decision of the trial court is

Affirmed.

Judges PARKER and HEDRICK concur.