STATE OF NORTH CAROLINA v. DAVID SPRINKLE

No. 7921SC1172

(Filed 20 May 1980)

**1. Burglary and Unlawful Breakings § 5.8— breaking and entering and larceny— sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of breaking and entering and larceny where it tended to show that a house was broken into while the owner was at work and a television, clock and watch were taken therefrom; about 2:00 p.m. on the day of the crimes two State's witnesses saw a female and two males standing in the field next to the house; one of the men was holding a television set which resembled the stolen set; as the two State's witnesses drove by the field, the three persons in the field fell to the ground; the witnesses saw the three per-

sons get into a red Volkswagen and identified defendant as the man who sat in the back seat of the Volkswagen holding the television set; and the Volkswagen belonged to the female driver whom defendant had known for several years.

**2. Criminal Law § 131.2— newly available evidence—denial of motion for appropriate relief**

The trial court did not err in denying defendant's motion for appropriate relief on the ground of newly available evidence where an indicted codefendant testified at the hearing on defendant's motion for appropriate relief that defendant did not participate in the break-in in question, and the trial court concluded that the newly available evidence probably was not true, tended only to contradict or impeach a former witness, and would not result in a different verdict at another trial.

APPEAL by defendant from *Washington, Judge*. Judgment entered 9 August 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 24 April 1980.

Defendant was charged and tried upon a proper bill of indictment with the 28 March 1979 breaking or entering of a residence occupied by Alma Lynch, and with the larceny therefrom of a television, a clock, and a watch having the combined value of $579.00. He was found guilty as charged and, from a judgment imposing a prison sentence of three to five years, he appealed.

*Attorney General Edmisten, by Associate Attorney Grayson G. Kelley, for the State.*

*John J. Schramm, Jr., for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns error to the denial of his timely motions for judgment as of nonsuit. At the trial of this matter, the State offered evidence which tended to show that, when Ms. Lynch left for work on the morning of 28 March 1979, the doors to her home were secure; that when she returned that afternoon, she found her home had been broken into; and that certain items of personal property which were in her home that morning were missing that afternoon. State's witnesses Thomas Allen and Bob Brown testified they had driven by the Lynch residence about 2:00 p.m. that day and had observed three people, one female and two males, standing in the field next to the house. One of the men was holding a television set which Allen said resembled one he had

seen in the living room of Ms. Lynch, who is his aunt. As Allen and Brown drove by the field in Allen's Ford van, the three individuals fell to the ground. Allen turned his van around, came back by the field, and saw that the three people were getting into a red Volkswagen parked on the roadside in front of his aunt's house. The female got in the front of the Volkswagen on the driver's side; one of the men got in the front of the passenger side; and the man with the t.v. got in the rear seat behind the driver. As Allen pursued the Volkswagen, he and Brown were able to see clearly into the back seat and to observe the man seated there, whom they identified as the defendant, staring back at them. They also plainly saw the driver, later identified as Penny Vasquez, and wrote down the license number of the car, which was subsequently determined to be registered in Vasquez' name.

Defendant testified that he had known Vasquez for several years, but that he had not been with her on the afternoon of 28 March 1979 and that he neither broke into nor took anything from the Lynch residence.

When we consider this evidence in the light most favorable to the State, as we must, we find it clearly sufficient to require its submission to the jury and to support the verdict. These assignments of error are without merit.

[2] Next, defendant contends the court erred in denying his motion for appropriate relief pursuant to G.S. § 15A-1415(b)(6) which prescribes as a ground for relief that

> Evidence is available which was unknown or unavailable to the defendant at the time of the trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

Defendant based his motion upon the following sequence of events: Defendant called as a witness at his trial Penny Vasquez, an indicted codefendant, who invoked her Fifth Amendment privilege against testifying to each question put to her by defendant's counsel. Immediately upon defendant's conviction, Vasquez entered a plea of guilty to larceny from the Lynch residence and the charge of breaking or entering against her was dismissed. Thereafter, at the hearing on defendant's motion for appropriate

relief, Vasquez testified that defendant was not with her on 28 March 1979 and that he did not participate in the break-in of the Lynch home. Defendant argues that her testimony constitutes newly available evidence of the caliber to entitle him to a new trial.

A motion for a new trial on the ground of newly discovered or newly available evidence is addressed to the sound discretion of the trial judge, whose ruling thereon will not be disturbed in the absence of a clear abuse of discretion. *State v. Britt*, 285 N.C. 256, 204 S.E. 2d 817 (1974); *State v. Martin*, 40 N.C. App. 408, 252 S.E. 2d 859 (1979):

> In order for a new trial to be granted on the ground of newly discovered evidence, it must appear by affidavit that (1) the witness or witnesses will give newly discovered evidence; (2) the newly discovered evidence is probably true; (3) the evidence is material, competent and relevant; (4) due diligence was used and proper means were employed to pro-cure the testimony at trial; (5) the newly discovered evidence is not merely cumulative or corroborative; (6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and (7) the evidence is of such a nature that a different result will prob-ably be reached at a new trial.

*State v. Beaver*, 291 N.C. 137, 143, 229 S.E. 2d 179, 183 (1976). *See also State v. Casey*, 201 N.C. 620, 161 S.E. 81 (1931). Defendant is required to meet all seven factors enumerated in *Beaver. State v. Martin, supra.*

In the case before us, after hearing evidence on the defend-ant's motion and making findings of fact thereon, the trial judge drew these conclusions:

> [T]hat such newly discovered evidence by the Defendant is probably not true; that this newly discovered evidence does tend only to contradict or impeach or discredit a former witness; and, that this newly discovered evidence is of such a nature as to show that on another trial a different result would probably not be reached and right will prevail.

In face of the testimony of Allen and Brown adduced at the trial of defendant to the effect that they saw three individuals in

the field next to the Lynch residence and, upon pursuing them, observed a man whom they identified as defendant in the back of Vasquez' Volkswagen holding a television resembling the one taken from the Lynch home, we fail to understand how the trial judge erred in drawing the above conclusions. The conclusions are supported by the facts, and we hold that the judge acted soundly within his discretion to deny defendant's motion for appropriate relief based on newly discovered or newly available evidence. Moreover, we find compelling the decision of this Court in *State v. Grant*, 21 N.C. App. 431, 204 S.E. 2d 700, *cert. denied*, 285 N.C. 592, 206 S.E. 2d 864 (1974), where we held that the trial court did not abuse its discretion in denying defendant a new trial despite his evidence that a codefendant and a person convicted as an accessory after the fact in the same robberies stated after their convictions that defendant had not taken part in the crimes for which he had been convicted.

Defendant argues that the district attorney acted improperly in refusing to accept Vasquez' guilty plea until after defendant's conviction had been secured, even though the district attorney was aware before defendant's trial that she would enter a plea. We fail to see where the impropriety arises, but, in any event, the record establishes that Vasquez, on the advice of her attorney, was not willing to enter a plea until after the jury submitted a verdict in defendant's case. This assignment of error is meritless.

Defendant's remaining assignment of error, which we have carefully considered, is addressed to remarks of the trial judge in his instructions to the jury regarding the nature of a probable cause hearing. Suffice it to say that we disagree with defendant that these remarks were either erroneous or prejudicial.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges ARNOLD and ERWIN concur.