STATE OF NORTH CAROLINA v. RENA OLD CLARK

No. 831SC291

(Filed 6 December 1983)

1. **Homicide § 21.9— voluntary manslaughter—sufficiency of evidence—use of excessive force**

The evidence did not show as a matter of law that defendant acted in self-defense and was sufficient to support conviction of defendant for voluntary manslaughter on the basis of excessive force where the State presented evidence that defendant twice shot her unarmed husband and then called the sheriff's office and said she had done "a terrible thing," notwithstanding defendant presented evidence regarding the victim's violent actions toward her in the past and that she acted in self-defense on the occasion in question.

2. **Criminal Law § 51— expert witness—formal tender not required**

While the better practice is formal tender of a witness as an expert, such tender is not required, and it is not necessary for the judge to make a formal finding as to a witness's qualification as an expert absent a request therefor.

3. **Criminal Law § 51— objection to qualification of expert**

In order to challenge the qualifications of a witness as an expert, objection must be made in apt time on this special ground or else be waived, and a general objection is not sufficient for such purpose.

4. **Criminal Law § 57— expert firearm testimony—foundation laid on cross-examination**

A deputy sheriff was properly permitted to give opinion testimony as to the direction of the ejection of a shell casing from a weapon, although the State failed to show personal knowledge of the weapon or special expertise by the witness, where defendant laid a proper foundation for such testimony on cross-examination by eliciting evidence of the witness's prior experience with automatic weapons similar to the weapon in question.

5. **Criminal Law § 144— refusal to modify sentence**

The trial court did not abuse its discretion in refusing to modify a sentence imposed on defendant for voluntary manslaughter on the ground that the sentence imposed on defendant was not supported by evidence introduced at the trial and sentencing hearing. G.S. 15A-1414(b)(4).

6. **Criminal Law § 131.2— newly discovered evidence—new trial not required**

A defendant convicted of voluntary manslaughter in the shooting death of her husband was not entitled to a new trial on the ground of newly discovered evidence because of the discovery of a bullet tending to support defendant's testimony as to the location of defendant and her husband at the time of the shooting since (1) defendant had attempted to conceal the bullet and due diligence was thus not used to procure the testimony at trial; (2) the evidence was merely corroborative of defendant's testimony at trial; and (3) the evidence was not of such a nature that a different result would probably be reached at a new trial.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 15 October 1982 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 15 November 1983.

Defendant was charged in a proper bill of indictment with second degree murder. She was found guilty of voluntary manslaughter and from a judgment imposing a prison sentence of three years, she appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Twiford and Derrick, by Russell E. Twiford, Jack H. Derrick and Gary M. Underhill, Jr., for the defendant, appellant.*

HEDRICK, Judge.

[1] Defendant assigns error to the denial of her motions to dismiss the charges, arguing "there was insufficient evidence to sustain a conviction on these charges." More specifically, defendant contends that the uncontradicted evidence demonstrated that she acted in self-defense, and that she did not use excessive force.

"[V]oluntary manslaughter occurs when one kills intentionally but does so in the heat of passion suddenly aroused by adequate provocation or in the exercise of self-defense where excessive force under the circumstances is employed or where the defendant is the aggressor bringing on the affray." *State v. Wilkerson,* 295 N.C. 559, 579, 247 S.E. 2d 905, 916 (1978). *See also State v. Ferrell,* 300 N.C. 157, 265 S.E. 2d 210 (1980). Ordinarily, the credibility and sufficiency of defendant's evidence to establish a plea of self-defense are for the jury to evaluate under proper instructions. *State v. Smith,* 268 N.C. 659, 151 S.E. 2d 596 (1966), *cert. denied* 386 U.S. 1032, 18 L.Ed. 2d 593, 87 S.Ct. 1481 (1967). Where all the evidence tends to show the intentional killing of another with a deadly weapon, dismissal is appropriate only when "the State's evidence and that of the defendant are to the same effect and tend only to exculpate the defendant. . . ." *State v. Johnson,* 261 N.C. 727, 730, 136 S.E. 2d 84, 86 (1964).

In the instant case the State presented evidence that tended to show the deceased died from gunshot wounds to the arm and chest. The State's evidence further showed that defendant called the Sheriff and said: "Sheriff, this is Rena Clark. Can you come

out here at once? I have just done a terrible thing. I have shot Clarence." Defendant presented evidence that the deceased was a violent person who had threatened, beaten and held a gun or other dangerous weapon on her on numerous occasions. She testified that they had argued on the morning in question and the decedent had held the pistol to her head and clicked it, and that he had thrown her down on the floor and hit her with a wash cloth. She further testified that he put the pistol on the kitchen counter and started from the room, but then he turned back toward her, saying he meant to kill her. She stated that she grabbed the pistol and shot him, but he kept coming at her, so she shot him again. Defendant offered a substantial amount of evidence to corroborate her testimony regarding decedent's violent nature and his actions toward her in the past.

Excessive force has been characterized by our Supreme Court as that force used by "[a] defendant who honestly believes that he must use deadly force to repel an attack but whose belief is found by the jury to be unreasonable under the surrounding facts and circumstances. . . ." *State v. Jones,* 299 N.C. 103, 112, 261 S.E. 2d 1, 8 (1980). In the instant case the evidence discloses that defendant twice shot her husband, who was unarmed. We cannot say, as a matter of law, that this evidence discloses that the defendant did not use excessive force in defending herself. We believe the question was properly for the jury, and hold that the court did not err in denying defendant's motion to dismiss.

Defendant next contends that the court erred by "allowing into evidence testimony as to the ejection of a shell casing from a weapon on the ground that the testimony called for speculation from a witness who had never fired the weapon in question and who was not qualified as an expert." The following testimony by a deputy sheriff is the basis of this assignment of error:

Q. In which direction does it eject?

MR. TWIFORD: Objection.

COURT: If you know. You can only answer if you know.

A. It would be in a backwards motion.

Q. All right, backwards. Does it go to the right or to the left, do you know?

MR. TWIFORD: Objection.

COURT: Well, again, only if you know.

A. It would vary.

Q. Depending on what?

MR. TWIFORD: Objection.

COURT: Overruled.

Q. Depending on what?

A. It would go to the shoulder or a little further to the right of the person that's pulling the trigger.

MR. TWIFORD: Motion to strike.

COURT: Denied.

On cross-examination of this witness, further testimony on this point was elicited:

Q. Now, Sheriff, have you yourself ever fired that particular pistol to see how the shell ejects?

A. No, sir.

Q. No?

A. No, sir.

Q. And so when you made a statement about how the shell would be ejected from that gun, it's based on having fired other guns but not that particular one?

A. Other automatics similar to this one.

Q. And did you know how high the projector [sic] is of a gun of this nature when it's fired out of the—when the shell is ejected?

A. No, sir. You can't really say because some shells has got more powder than others.

Q. Some shells will go in different directions?

A. Yes, sir. Some will go high and some eject lower.

Q. Some eject lower. And if the shell would eject high and hit the ceiling in that kitchenette, it would ricochet or bounce off in another direction, wouldn't it?

MR. WILLIAMS: Objection; speculation.

COURT: If you have an opinion you may testify.

A. Yes, sir, it would.

Q. It would?

A. (Witness nods head.)

Defendant earnestly contends that the admission of the testimony objected to was prejudicial error, arguing that the officer was not qualified as an expert and that his testimony was not proper lay opinion because it was not based on personal knowledge.

[2, 3] Our courts have repeatedly characterized the expert witness as "one better qualified than the jury to draw appropriate inferences from the facts." *See, e.g., Cogdill v. Highway Comm.,* 279 N.C. 313, 321, 182 S.E. 2d 373, 378 (1971). In discussing the matter of when a witness should be considered "better qualified," one learned commentator has said, "the rule should be that the opinion of an experienced and well qualified witness (whether or not labeled an expert) is *always* admissible unless it is virtually certain (a very rare case) that the entire jury is equally qualified." 1 Brandis on North Carolina Evidence Sec. 132 at 514 n. 98 (2d Rev. Ed. 1982) (emphasis original). While the better practice is formal tender of a witness as an expert, our courts do not require such tender, nor is it necessary for the judge to make a formal finding, absent request by appellant, as to a witness' qualification as an expert. *State v. Mitchell,* 283 N.C. 462, 196 S.E. 2d 736 (1973). Such a finding has been held to be implicit in the court's admission of the testimony in question. *Id. See also State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839 (1969). In order to challenge the qualifications of a witness as an expert, objection must be made "in apt time on this special ground" or else be waived. *State v. Edwards,* 49 N.C. App. 547, 557, 272 S.E. 2d 384, 391 (1980) (citations omitted). A general objection is not sufficient for these purposes. *Id.*

[4] The record in the instant case reveals that the State failed to lay a proper foundation for the opinion testimony of this witness;

neither personal knowledge of the weapon in question nor special expertise was established on direct examination. The defendant made only a general objection to the questions put by the State, however. She did not request that inquiry be made into the qualifications of the witness, nor did she ask that the State be directed to lay a proper foundation for its questions. Under these circumstances, we do not believe the court erred in ruling that the witness could answer "if he knows." Although defendant established on cross-examination that the witness had no personal knowledge of the weapon in question, we note that defendant did not at that point move to strike the earlier answers given by the witness. Defendant instead proceeded to establish an alternative basis for the witness' opinion — prior experience with automatics similar to the weapon inquired about. Having laid this foundation, defendant proceeded to elicit opinion testimony favorable to the defendant from the witness, over specific objection by the State. We do not believe the court erred in permitting this witness to give opinion testimony based on his experience with similar weapons. Further, we believe defendant waived any objection by his failure to identify specific grounds for exclusion of the proffered testimony. Finally, we believe any error that may have been committed was harmless beyond a reasonable doubt.

Defendant next assigns as error the court's denial of her three motions for appropriate relief. Defendant's first motion for appropriate relief was filed at the close of the trial on 15 October 1982. Defendant based this motion on errors allegedly made by the court in ruling on evidentiary matters and on the court's denial of defendant's motion to dismiss. These alleged errors form the basis for almost all of the other assignments of error brought forward and argued in the appeal and considered elsewhere in this opinion and need no further review or discussion.

[5] Defendant's second motion for appropriate relief, dated 19 October 1982, asked the court to "modify the judgment . . . whereby the defendant was given an active prison sentence . . . and to receive further evidence for consideration by the Court for a probationary sentence." The record reveals that defendant was convicted of voluntary manslaughter, an offense carrying a presumptive sentence of six years. The trial judge found five mitigating factors, no aggravating factors, and sentenced defendant to serve three years in prison. N.C. Gen. Stat. Sec. 15A-1414

(b)(4), the provision under which defendant seeks modification of the judgment, identifies as one of the grounds for a motion for appropriate relief "[t]he sentence imposed on the defendant is not supported by evidence introduced at the trial and sentencing hearing." By order dated 8 February 1983 Judge Allsbrook found and concluded that this provision is "not applicable in this case and that the Court now does not have the authority to modify the sentence imposed in this case on October 15, 1982." Disposition of post-trial motions is within the discretion of the trial court, and denial of such motions is not error absent some abuse of discretion. *State v. Watkins*, 45 N.C. App. 661, 263 S.E. 2d 846 (1980). We find nothing in the record indicating that the court in this case abused its discretion in refusing to modify the judgment. While the court's statement that it lacked "authority" to modify the judgment, considered alone, is perhaps imprecise, it is clear that this lack of "authority" stemmed from the court's determination that no grounds for modification had been demonstrated. We find no error in the court's ruling on this point.

[6] Defendant's third motion for appropriate relief, filed on 19 October 1982, requested that the judgment be vacated and a new trial ordered based on the existence of newly discovered evidence. This motion was accompanied by affidavits of Russell E. Twiford, defendant's attorney, and Charles L. Hewitt, III, defendant's son. The affidavits in substance show that on 16 October 1982 the defendant's children informed Mr. Twiford that they had learned of new facts about their mother's case. Hewitt had been informed by his mother that there was a hole in the wall of the family room. She had learned of the hole about six days after the shooting, but had told no one about its existence. Only after her conviction did she reveal her knowledge. An examination of the hole revealed a bullet that had been fired from the death weapon. The location of the bullet tended to support defendant's testimony regarding the location of the defendant and her husband when the shooting occurred.

N.C. Gen. Stat. Sec. 15A-1415(b)(6) provides the following ground for a motion for appropriate relief:

Evidence is available which was unknown or unavailable to the defendant at the time of the trial, which could not with due diligence have been discovered or made available at that

time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

This Court has devised a seven part test which must be met in order for a new trial to be granted on the grounds of newly discovered evidence. *See, State v. Martin,* 40 N.C. App. 408, 252 S.E. 2d 859 (1979). Defendant has failed to satisfy three parts of the test. First, the evidence does not indicate that "due diligence was used and proper means were employed to procure the testimony at trial." *Id.* at 411, 252 S.E. 2d at 861. It is admitted that defendant knew about the bullet hole in the wall some six days following the incident, that she told no one of the hole, and that she actually attempted to conceal it. Second, the evidence fails to establish that "the newly discovered evidence is not merely cumulative or corroborative." *Id.* While the position of the bullet hole strengthens defendant's testimony about her location during the altercation, this evidence is merely corroborative of her testimony. Finally, we do not believe that "the evidence is of such a nature that a different result will probably be reached at a new trial." *Id.* The jury obviously believed defendant's testimony, since it found her guilty only of voluntary manslaughter. It is clear from this verdict that the jury found either that the defendant acted in the heat of passion, or that she employed excessive force in the exercise of self-defense. Because the newly discovered evidence does not bear on either of these elements, the outcome of a new trial would probably be the same. The court did not abuse its discretion in denying the third motion for appropriate relief. The assignment of error is overruled.

Defendant's Assignment of Error Nos. 1, 2, 3, 5, 6, and 8-10 relate to the admission or exclusion of testimony. Assignment of Error No. 11 relates to the court's jury instructions. We have carefully examined all the exceptions on which these assignments of error are based and find them to be without merit. No useful purpose would be served by further elaboration thereon.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges WHICHARD and BECTON concur.