STATE OF NORTH CAROLINA v. RICHARD ANTHONY HOOTS

No. 8422SC1084

(Filed 17 September 1985)

### 1. Criminal Law § 181.2— motion for appropriate relief—new evidence not credible—new trial denied

Where defendant filed a motion for appropriate relief seeking a new trial for armed robbery based on newly-discovered evidence, the trial court did not abuse its discretion by finding that an accomplice who changed his testimony to exonerate defendant was not a credible witness where the accomplice stated that defendant was involved in the robbery and that a third party, Shaw, was not; that defendant was not involved and that Shaw was; that both defendant and Shaw were implicated and that he feared reprisals by defendant's family; wrote his attorney a letter in which he stated that an earlier recantation was a deliberate deception and "necessary evil" designed to get a second chance at a polygraph test; acknowledged that others believed he was merely trying to protect defendant and Shaw although he denied that he was doing so; and partially recanted his earlier recantation at the hearing while maintaining that he was fearful of defendant's family.

### 2. Criminal Law § 181.2— motion for appropriate relief—new evidence—hearsay —excluded

Where defendant sought a new trial for armed robbery based on newly-discovered evidence, the court did not err by excluding the testimony of a witness that a third party, Shaw, had declared that he had committed the robbery. The testimony was not competent as a declaration against penal interests because it was not inconsistent with defendant's guilt, the facts and circumstances offered to corroborate the declaration were clearly insufficient, and, even if the hearsay statements were admissible, a new trial would not be appropriate because the trial judge specifically found that Shaw and the witness repeating his statement were not trustworthy.

### 3. Criminal Law § 181.2— motion for appropriate relief denied—newly-discovered evidence—no error

The trial court did not err in refusing a motion for appropriate relief seeking a new trial for armed robbery for newly-discovered evidence by ruling that an accomplice who recanted his testimony implicating defendant was not a credible witness. The court merely found that the accomplice acknowledged the suspicion of others that he was protecting defendant and a third party, not that he *was* protecting them as defendant contended, and the court's finding that the accomplice's attorney could not predict his testimony was largely rhetorical and amounted to no more than a conclusion that the accomplice was not to be believed.

APPEAL by defendant from *Albright, Judge.* Judgment entered 29 May 1984, as amended 4 June 1984, in Superior Court,

DAVIDSON County.[1] Heard in the Court of Appeals 20 August 1985.

*Attorney General Thornburg, by Assistant Attorney General Barry S. McNeill, for the State.*

*Boyan, Nix and Boyan, by Clarence C. Boyan and Robert S. Boyan, for defendant appellant.*

BECTON, Judge.

From a judgment on rehearing denying defendant's Motion for Appropriate Relief, defendant, Richard Anthony Hoots, appeals. Because defendant's motion was based on "newly discovered" evidence, and the time for appeal had expired, defendant also seeks relief by writ of certiorari.

Defendant was convicted of armed robbery at a jury trial in February 1980. Defendant filed a Motion for Appropriate Relief, seeking, in substance, to have his conviction reversed and a new trial granted on the ground of newly discovered exculpatory evidence that Darrell Shaw, and not the defendant, committed the armed robbery. The motion was denied at an evidentiary rehearing, and defendant now contends (1) the newly discovered evidence was sufficient for a new trial because it exonerates defendant and is corroborated by independent evidence; (2) the court erred in excluding testimony that should have been admitted as a declaration against penal interest; and (3) the court erred in ruling that the new evidence was not credible.

We allow defendant's Petition for Writ of Certiorari. We find no error in the court's rulings and accordingly affirm the denial of defendant's Motion for Appropriate Relief.

I

At the rehearing of defendant's Motion for Appropriate Relief, defendant sought to introduce the testimony of Joyce Pegues and Jeffrey Hayes. Pegues' testimony was not admitted in evidence, but she was permitted to testify for the record that Darrell Shaw told her that he had committed the armed robbery.

---

1. The evidentiary rehearing on defendant's Motion for Appropriate Relief was held in the Eighteenth Judicial District by Judge Albright.

Hayes, who had entered a plea of no contest to the same robbery, made a confession that implicated Shaw as his co-felon and exonerated the defendant. Defendant contends that due process requires a new trial whenever newly discovered exculpatory evidence in the form of sworn testimony by a confessed perpetrator of the offense is corroborated by independent evidence. This contention is without merit. The standard for granting a new trial is set out in *State v. Sprinkle*, 46 N.C. App. 802, 805, 266 S.E. 2d 375, 377, *cert. denied*, 300 N.C. 561, 270 S.E. 2d 115 (1980) (citations omitted):

> A motion for a new trial on the ground of newly discovered or newly available evidence is addressed to the sound discretion of the trial judge, whose ruling thereon will not be disturbed in the absence of a clear abuse of discretion. . . .

> In order for a new trial to be granted on the ground of newly discovered evidence, it must appear by affidavit that (1) the witness or witnesses will give newly discovered evidence; (2) the newly discovered evidence is probably true; (3) the evidence is material, competent and relevant; (4) due diligence was used and proper means were employed to procure the testimony at trial; (5) the newly discovered evidence is not merely cumulative or corroborative; (6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and (7) the evidence is of such a nature that a different result will probably be reached at a new trial.

*State v. Beaver*, 291 N.C. 137, 143, 229 S.E. 2d 179, 183 (1976). . . . Defendant is required to meet all seven factors enumerated in *Beaver*.

We find no abuse of discretion in this case: the judge made extensive and specific findings, supported by substantial evidence, that the new evidence was probably *not* true; that Hayes was not a credible witness; that Shaw's statements were not competent (as declarations against penal interest); and that defendant failed to demonstrate that the new evidence would probably result in a different outcome at trial.

[1]  The record discloses several conflicting accounts of the robbery by Hayes. Hayes' first statement indicated that defendant

was involved in the robbery and that Shaw was not. Then, on 26 March 1984, Hayes stated that defendant was not involved and that Shaw was. On 7 April 1984, Hayes recanted his 26 March statement, implicated both defendant and Shaw, and expressed fear of reprisals by defendant's family. Hayes later wrote a letter to his attorney to explain that the 7 April recantation was a deliberate deception and a "necessary evil," designed to get a second chance at a polygraph test. Hayes also acknowledged that others believed he was merely trying to protect defendant and Shaw, although he denied that he was protecting them. At the hearing, Hayes partially recanted his earlier recantation, implicated Shaw and exonerated defendant, while maintaining that he was fearful of defendant's family.

In light of Hayes' conflicting accounts, and after considering the record, replete with indicia of Hayes' lack of truthfulness, the court found, *inter alia*, the following:

> In willfully, deliberately, notoriously and openly adopting and embracing a strategy of falsity and deceit as a "necessary evil" to prove his point, Hayes has not aided the fact finding process in any form or fashion. He has brought confusion rather than clarity to the issues raised herein and has clouded the search for truth with more uncertainty than before. By his own word and deed, Hayes has done damage beyond measure to his credibility as a witness before this court.

> . . .

> . . . Hayes contends his second statement on or about April 7, 1984, in which he had recanted his March 26, 1984 statement was false and untrue, and if he is believed on this point, then he openly resorted, notwithstanding the presence of his own attorney, to perfidy and falsity and utter disregard for the truth, regarded such as a necessary evil to prove his point, and notoriously embraced a strategy of deceit to serve his own purpose. Hayes acknowledges without equivocation or hesitation his fear of reprisal from Hoots' family against himself and/or his child. Hayes openly acknowledges the suspicion that he is protecting both Hoots and Shaw and his words and deeds do not serve in any form or manner to diminish such suspicion.

Hayes frankly comes across to the Court as one criminal with very little to lose trying to exculpate another. Under the totality of the circumstances, stated in plain and simple terms, Hayes' testimony is not believable as to exculpation of his accomplices. Indeed it is difficult to imagine a less trustworthy or more undependable or unreliable witness on this point. His demonstrated propensities to make inconsistent and self-serving statements and his willing adoption of a strategy of deliberate falsity and wilful deceit of matters of gravest moment have done a gross disservice to those interested in these proceedings and have seriously and irreversibly undermined his credibility as a witness.

As discussed more fully below, the trial court did not err in excluding the new testimony of Pegues. The court found that both Pegues and Shaw, the hearsay declarant, were unconvincing and not reliable and that the statements were "wholly lacking in proof of trustworthiness" from reliable corroborating evidence. In light of the substantial evidence of record supporting the court's findings on the credibility of the newly discovered evidence, we hold that no clear abuse of discretion has been shown.

II

[2] Defendant asserts that the court erred in excluding the testimony of Pegues, who said that Shaw declared he had committed the robbery in question. The record shows that in July 1979 Shaw confessed to robbing a Pizza Hut and showed Pegues a large roll of money and a gun. Pegues also said that in January 1981, while both Pegues and Shaw were in jail, Shaw said he had gotten away with robbing a Pizza Hut and that a girl working in the restaurant had set it up.

Judge Albright correctly noted that this testimony by Pegues was not competent as a declaration against penal interest. There are seven conditions required for such a declaration to be admitted:

(1) The declarant must be [unavailable]. . . .

(2) The declaration must be an admission that the declarant committed the crime for which defendant is on trial, and the admission must be inconsistent with the guilt of the defendant.

(3) The declaration must have had the potential of actually jeopardizing the personal liberty of the declarant at the time it was made and he must have understood the damaging potential of his statement.

(4) The declarant must have been in a position to have committed the crime to which he purportedly confessed.

(5) The declaration must have been voluntary.

(6) There must have been no probable motive for the declarant to falsify at the time he made the incriminating statement.

(7) The facts and circumstances surrounding the commission of the crime and the making of the declaration must corroborate the declaration and indicate the probability of trustworthiness.

*State v. Haywood*, 295 N.C. 709, 730, 249 S.E. 2d 429, 442 (1978).

Shaw's statements were not inconsistent with defendant's guilt. Judge Albright found, "At best, said declaration merely implicates Shaw and is silent as to the identity of others. It is by no means inconsistent with the guilt of Hoots." In fact, it would be consistent with the evidence of record for Shaw to have been a third perpetrator of the robbery or for him to have robbed a different Pizza Hut. Moreover, the facts and circumstances offered to corroborate the declaration were clearly insufficient. For example, the suggestion that the robbery was set up by a girl inside the Pizza Hut directly contradicted the evidence adduced at trial. The record reveals that, when shown photographs of Shaw at trial, an eyewitness to the robbery, who had recognized defendant because he was a previous customer of the restaurant, unequivocally rejected Shaw as one of the robbers.

Even if the hearsay statements of Shaw were admissible evidence, a new trial would only be appropriate if the *Sprinkle* standards were met. On this issue, Judge Albright specifically found that both the hearsay declarant Shaw and the witness Pegues were not trustworthy.

The witness Pegues, the sole source from which the alleged declarations against penal interest by Shaw flow is herself a most unreliable, unconvincing, and untrustworthy

witness whose testimony is inherently incredible. She openly admits dealing in heroin and admits a felonious conviction for heroin possession resulting ultimately in a sentence of imprisonment. She further admits a larceny conviction. In plain and simple language, after observing closely the witness while on the stand and hearing her testimony, both on direct and cross examination, this Court has no confidence in this witness and does not believe her testimony.

## III

[3] Defendant's final assignments of error relate to Judge Albright's ruling that Hayes was not a credible witness. First, defendant contends the evidence showed only that Hayes acknowledged that people suspected he was protecting defendant and Shaw, but the court concluded Hayes *was* protecting them. Second, defendant asserts the court's finding that Hayes' attorney could not predict with certainty what Hayes' next testimony might be was not supported by substantial evidence. These contentions are without merit.

As quoted above, the court merely found that Hayes "acknowledges the suspicion" of others. Even so, this acknowledgment, combined with Hayes' open admission of fear of reprisal by defendant's family, would have supported a finding that Hayes was indeed protecting defendant by changing his story. We also believe that the court's finding that Hayes' attorney could not predict Hayes' testimony was largely rhetorical and amounted to no more than a conclusion that Hayes was not to be believed. It is clear from a review of the record that Judge Albright did not abuse his discretion and that his conclusions were supported by substantial evidence.

For the reasons set forth above, we

Affirm.

Judges WEBB and MARTIN concur.