STATE OF NORTH CAROLINA v. LEWIS EDWARD BEAVER

No. 36

(Filed 4 November 1976)

1. **Criminal Law § 147— no motion to quash indictment — issue properly raised on appeal**

    Though defendant made no motion to quash the bill of indictment, he could, pursuant to Rule 10 (a) of the Rules of Appellate Procedure, present for review on appeal, by properly raising the issue in his brief, the questions of whether the court had jurisdiction of the subject matter, and whether the criminal charge was sufficient in law.

2. **Burglary and Unlawful Breakings § 3— first degree burglary — indictment — sufficiency of description of premises**

    In a prosecution for first degree burglary, the indictment which alleged that defendant "in the county aforesaid [Cabarrus], the dwelling house of one Marvin O. VanPelt there situate, and then and there actually occupied by one Marvin O. VanPelt feloniously and burglariously did break and enter" with the requisite intent sufficiently described the premises which were allegedly entered and alleged all the essential elements of the offense with sufficient certainty to (1) identify the offense; (2) protect the accused from being twice put in jeopardy for the same offense; (3) enable the accused to prepare for trial; and (4) support judgment upon conviction or plea.

3. **Burglary and Unlawful Breakings § 1— burglary defined**

    Burglary is a common law offense which consists of the felonious breaking and entering of the dwelling house or sleeping apartment of another in the nighttime with the intent to commit a felony therein, whether such intent be executed or not.

4. **Burglary and Unlawful Breakings § 3— burglary indictment — ownership of house must be alleged**

    There are only two reasons for requiring ownership of the house to be stated in the indictment for burglary: (1) for the purpose of showing on the record that the house alleged to have been broken into was not the dwelling house of the accused, inasmuch as one cannot commit the offense of burglary by breaking into one's own house, and (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense.

5. **Burglary and Unlawful Breakings § 3— first degree burglary — occupation or possession of house tantamount to possession**

    In burglary cases occupation or possession of a dwelling or sleeping apartment is tantamount to ownership, and there is no requirement that actual ownership of the occupied premises be alleged and proved.

6. **Criminal Law § 131— motion for new trial for newly discovered evidence — denial proper**

    The trial court in a first degree burglary case did not err in denying defendant's motion for a new trial made on the ground that

while the jury deliberated defendant was informed by two police officers that prior to trial they had located a man who had lived with defendant and the burglary victim and who would testify that defendant was living in the house allegedly broken into on the day of the crime, since the proposed testimony of the witness would only have been cumulative and corroborative to that of defendant, defendant had ample opportunity to examine the officers on the stand as to their knowledge concerning the witness's whereabouts, and defendant, if he considered the witness important and material, could have moved for a continuance to enable him to locate the witness.

7. **Criminal Law § 131— new trial for newly discovered evidence — prerequisites**

In order for a new trial to be granted on the ground of newly discovered evidence, it must appear by affidavit that (1) the witness or witnesses will give newly discovered evidence; (2) the newly discovered evidence is probably true; (3) the evidence is material, competent and relevant; (4) due diligence was used and proper means were employed to procure the testimony at trial; (5) the newly discovered evidence is not merely cumulative or corroborative; (6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and (7) the evidence is of such a nature that a different result will probably be reached at a new trial.

DEFENDANT appeals pursuant to G.S. 7A-27(a) from *Albright, J.*, at the 5 January 1976 Schedule "B" Session of CABARRUS Superior Court.

Defendant was tried and convicted of first degree burglary and sentence of life imprisonment was imposed.

The State introduced evidence tending to show that on 9 December 1974 at approximately 4:30 a.m., Marvin VanPelt was awakened by a noise in his house. As he arose from his bed, he was struck on the head and was rendered unconscious. When he regained consciousness, his hands were tied behind his back and his feet were tied with some bootlaces. He was in a weakened condition from loss of blood, but saw defendant in the house and watched as defendant took $58.00 from VanPelt's wallet and the keys to VanPelt's 1965 Ford Fairlane automobile. As a result of the injuries sustained when he was struck, VanPelt was hospitalized for nine days.

VanPelt testified that he had known defendant for about a year, and that in early November 1974 defendant had moved into VanPelt's house. VanPelt stated that prior to 9 December 1974, he had asked defendant to move from the house. VanPelt further testified that defendant did so, and that he had not seen defendant for some two weeks prior to 9 December 1974.

The State also introduced evidence tending to show that a window to VanPelt's house had been opened and that the window screen had been removed. VanPelt stated that at the time he went to bed his doors were locked.

A friend of defendant, Terry Stowe, testified that he had visited defendant in Florida during December 1974. During the visit, defendant told Stowe that he had hit an old man with a two-by-four and taken the man's money and car in order to return to Florida. Stowe also stated that while in Florida he had seen a 1965 Ford Fairlane with North Carolina license plates parked at the house in which defendant was staying.

Defendant took the stand and testified in his own behalf. He stated that he was actually living at VanPelt's house on 9 December 1974. He testified that it was his custom to enter the house through the window because he did not have a key. He further stated that he entered the house to pick up his belongings and move out. While in the house, VanPelt struck him on the arm with a piece of aluminum pipe and defendant then "beat him up." He left for Florida a day or two later. Defendant denied taking VanPelt's money or car.

Other facts necessary to the decision of this case will be discussed in the opinion.

*Attorney General Rufus L. Edmisten, Deputy Attorneys General Millard R. Rich, Jr., and Isham B. Hudson, Jr., and Associate Attorney James E. Scarbrough for the State.*

*J. Robert Rankin for defendant appellant.*

MOORE, Justice.

[1, 2] Defendant first challenges the sufficiency of the bill of indictment, contending that the indictment was defective for two reasons: (1) that the house was not sufficiently described, and (2) that ownership was alleged in VanPelt, when actually the property belonged to Barber Scotia College. Defendant made no motion to quash the bill of indictment. Ordinarily, motions to quash after the evidence is in come too late. *State v. Walker,* 251 N.C. 465, 112 S.E. 2d 61 (1960). However, under Rule 10(a) of the Rules of Appellate Procedure, 287 N.C. 671, 698, upon appeal, any party may present for review, by properly raising the issue in the brief, the questions of whether the court had jurisdiction of the subject matter, and whether a

criminal charge is sufficient in law. This is true, notwithstanding the absence of exceptions or assignments of error in the record on appeal. *See State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901 (1960), for comparable practice under former Rule 21, 221 N.C. 544, 558. Under Rule 10(a), we proceed to examine the bill of indictment in this case which is as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Edward Beaver, late of the County of Cabarrus on the 9th day of December 1974 about the hour of 4:30 A.M. in the night of the same day, with force and arms, at and in the county aforesaid, the dwelling house of one Marvin O. VanPelt there situate, and then and there actually occupied by one Marvin O. VanPelt feloniously and burglariously did break and enter, with intent, the goods and chattels of the said Marvin O. VanPelt in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take and carry away the goods and chattels of Marvin O. VanPelt against the peace and dignity of the State."

In *State v. Coffey,* 289 N.C. 431, 222 S.E. 2d 217 (1976), we approved a bill of indictment almost identical to the one in this case. There, Justice Lake, speaking for the Court, said:

"It is true that an indictment for burglary is fatally defective if it fails to identify the premises broken and entered with sufficient certainty to enable the defendant to prepare his defense and to offer him protection from another prosecution for the same incident. *State v. Smith,* 267 N.C. 755, 148 S.E. 2d 844 (1966). The indictment in the present case charges that the defendant 'in the county aforesaid [Rutherford], the dwelling house of one Doris Matheny there situate, and then and there actually occupied by one Doris Matheny * * * did break and enter' with the requisite intent. This is a sufficient description to withstand a motion to quash."

In present case, defendant testified that at one time he had lived in this house, and admitted that he was there on the night in question. He had ample information on which to prepare his defense. The bill of indictment alleged all the essential elements of the offense with sufficient certainty to (1) identify the offense; (2) protect the accused from being twice put in jeopardy for the same offense; (3) enable the

accused to prepare for trial; and (4) support judgment upon conviction or plea. *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970). *See also Doss v. North Carolina,* 252 F. Supp. 298 (M.D.N.C. 1966).

[3] Defendant further contends that the indictment was defective in that it identifies the premises by its occupant VanPelt rather than its owner, Barber Scotia College. Burglary is a common law offense. It consists of the felonious breaking and entering of the dwelling house or sleeping apartment of another in the nighttime with the intent to commit a felony therein, whether such intent be executed or not. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972); *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880 (1949). By statute, G.S. 14-51, the offense is divided into two degrees, first and second. The distinction between the two degrees depends upon the actual occupancy of the dwelling house or sleeping apartment at the time of the commission of the crime. "The purpose of the law [in the offense of first degree burglary] was and is to protect the habitation of men, where they repose and sleep, from meditated harm." *State v. Surles, supra,* at 275, 52 S.E. 2d at 882.

[4, 5] There are only two reasons for requiring ownership of the house to be stated in the indictment for burglary: (1) for the purpose of showing on the record that the house alleged to have been broken into was not the dwelling house of the accused, inasmuch as one cannot commit the offense of burglary by breaking into one's own house, and (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense. *People v. Gregory,* 59 Ill. 2d 111, 319 N.E. 2d 483 (1974); *People v. Jamison,* 92 Ill. App. 2d 28, 235 N.E. 2d 849 (1968); *State v. Knizek,* 192 Wash. 351, 73 P. 2d 731 (1937). As was held in *Taylor v. State,* 214 Miss. 263, 266, 58 So. 2d 664, 665 (1952), in a burglary indictment, "the occupant of the building at the time of the burglary is the owner," and it is unnecessary to allege ownership of the title to the building. The decisions of this Court require only that the breaking and entering in the nighttime with intent to commit a felony be into a dwelling or a room used as a sleeping apartment which is actually occupied at the time of the offense. *State v. Davis, supra; State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970). Thus, in burglary cases, we hold that occupation or possession of a dwelling or sleeping apartment is tantamount to ownership. There is no

requirement that actual ownership of the occupied premises be alleged and proved.

In the case at bar, VanPelt was occupying the house in question in the nighttime and was using it as a sleeping apartment. The bill of indictment so alleged and the evidence so showed. This is all that is required. We hold that there was no variance between the allegation and the proof.

Judgment was entered in this case on 7 January 1976. The next day, apparently during the same term but after appeal entries were entered, defendant moved for a new trial on the ground of newly discovered evidence. The motion was denied on 17 May 1976.

In *Wiggins v. Bunch,* 280 N.C. 106, 108, 184 S.E. 2d 879, 880 (1971), Justice Branch quoted with approval from *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659 (1963), as follows:

> " 'As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* . . . Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal.' " *See also State v. McLamb,* 208 N.C. 378, 180 S.E. 586 (1935).

Assuming, without deciding, that the trial court had jurisdiction to pass on the motion made during the same term, but not decided for several months thereafter, we go to the merits of defendant's motion.

[6] Defendant, in his motion for a new trial, states that while the jury deliberated he was informed by Detectives Taylor and Lee that prior to trial they had located Mick Gucanski, a man who had lived with VanPelt and defendant. He further states that Gucanski was not at the house on 9 December 1974 but would testify that defendant was living there on 9 December 1974. Defendant argues that the State concealed the whereabouts of Gucanski and that this act entitles him to a new trial.

The district attorney filed a verified response to defendant's motion denying that the officers knew Gucanski's whereabouts or that they had withheld any information from

State v. Beaver

defendant. The court then considered the motion and verified response as affidavits and made the following findings of fact:

"1. That the Concord City Police Detectives Lee and Taylor made diligent efforts to locate the requested witness Mick Gucanski, whose testimony even available before the jury would only tend to corroborate the defendant and would not open up new matters.

"2. That the State through its detectives provided the defendant with all information at their disposal regarding said witness."

[7] The courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules as are applicable in civil cases. G.S. 15-174. A new trial may be granted for newly discovered evidence when it is shown that the moving party could not, with reasonable diligence, have discovered and produced the evidence at the trial, or for all other reasons which were heretofore recognized as grounds for a new trial prior to the passage of the statute. G.S. 1A-1, Rule 59(a)(4),(9). A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge and is not subject to review absent a showing of an abuse of discretion. *State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974); *State v. Williams,* 244 N.C. 459, 94 S.E. 2d 374 (1956); *State v. Casey,* 201 N.C. 620, 161 S.E. 81 (1931). In order for a new trial to be granted on the ground of newly discovered evidence, it must appear by affidavit that (1) the witness or witnesses will give newly discovered evidence; (2) the newly discovered evidence is probably true; (3) the evidence is material, competent and relevant; (4) due diligence was used and proper means were employed to procure the testimony at trial; (5) the newly discovered evidence is not merely cumulative or corroborative; (6) the new evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness; and (7) the evidence is of such a nature that a different result will probably be reached at a new trial. *State v. Casey, supra.*

In *State v. Morrow,* 264 N.C. 77, 140 S.E. 2d 767 (1965), a State's witness, Summers, testified that he and defendant raped the prosecuting witness. The prosecutrix and her husband also testified that defendant had raped the woman. After trial, Summers recanted his testimony and defendant made a motion for a new trial. The trial court denied the motion and this Court

State v. Beaver

affirmed, holding that Summers' testimony was merely cumulative and corroborative of the testimony of the prosecutrix and her husband.

In *State v. Dixon*, 259 N.C. 249, 130 S.E. 2d 333 (1963), defendant was convicted of driving under the influence of alcohol. At trial, an expert testified that he had taken a sample of defendant's blood and analyzed it for content of alcohol. After conviction, defendant moved for a new trial on the ground that subsequent to the trial he had discovered that the blood sample had been disposed of prior to trial. Defendant made no inquiry as to the whereabouts of the blood sample prior to or during trial. The trial court denied the motion and this Court affirmed, holding that the denial of defendant's motion was not an abuse of discretion because defendant had the opportunity to inquire about the sample at trial but failed to do so.

[6]  In present case, the proposed testimony of Gucanski would only have been cumulative and corroborative to that of defendant. Both detectives who purportedly knew of the location of Gucanski testified at trial. Defendant had ample opportunity to examine them as to their knowledge of the whereabouts of Gucanski. This he failed to do. Furthermore, if defendant considered Gucanski an important and material witness, he should have filed an affidavit before trial so stating and moved for a continuance to enable him to locate this witness. This he did not do. We hold, therefore, that the trial judge did not abuse his discretion in denying defendant's motion for a new trial.

Accordingly, we find no error in the trial.

No error.