STATE OF NORTH CAROLINA v. FLEETWOOD BUTCHER

No. 812SC1305

(Filed 15 June 1982)

1. **Criminal Law § 114.3— instructions—date of verdict—no expression of opinion**
    The trial judge did not express an opinion in violation of G.S. 15A-1222 and G.S. 15A-1232 when he noted a day to be inserted in the jury verdict and stated "I hope it will be decided this day" since, in light of the instructions as

a whole, the jury would not reasonably infer from the comment that the judge was expressing an opinion on defendant's guilt, and neither was the court coercing the jury to render a verdict by any certain time.

**2. Criminal Law § 131.2— newly discovered evidence—motion for appropriate relief properly denied**

The trial court properly denied defendant's motion for appropriate relief under G.S. 15A-1415(b)(6) upon the ground of newly discovered evidence where the defense attorney learned after defendant's conviction that one of the State's primary witnesses had been charged with driving under the influence, third offense, and that on the same day the verdict was rendered against defendant, the witness was allowed to plead guilty in district court to a reduced charge of reckless driving since the only tendency of the evidence was to impeach or discredit the testimony of the former witness, and since the court found that the witness was not advised by anyone that his testimony would have any effect on the disposition of his district court case.

APPEAL by defendant from *Reid, Judge.* Judgment entered 13 January 1981 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 25 May 1982.

Defendant was convicted of second degree murder. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Rodman, Rodman, Holscher and Francisco, by Christopher B. McLendon, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward two assignments of error. Neither of them disclose prejudicial error.

[1] Defendant argues that during the charge to the jury, the judge expressed an opinion in violation of G.S. 15A-1222 and G.S. 15A-1232. We disagree.

At the completion of the jury charge, the judge read the verdict form to the jurors. He noted the possible verdicts and continued as follows: "this __ day of January . . . 13th day of January, 1981, I hope it will be decided this day, and there's a line for the signature of the foreman or foreperson of your jury." Defendant argues that the comment, "I hope it will be decided this day," intimated to the jury that the judge felt there were no doubts as to defendant's guilt.

Defendant has highlighted an isolated portion of the jury charge. Instructions, however, must be construed contextually. *State v. Gaines,* 283 N.C. 33, 43, 194 S.E. 2d 839, 846 (1973); *State v. McLellan,* --- N.C. App. ---, 286 S.E. 2d 873 (1982). The trial judge emphasized throughout his jury charge that the jurors were to impartially consider the evidence presented. He told them not to draw any inference from any ruling he may have made or any inflection in his voice. He stated that although a verdict required a unanimous decision, the jurors should not surrender their honest convictions solely to return a verdict.

In light of the foregoing, we conclude that a juror would not reasonably infer from the comment highlighted by defendant that the judge was expressing an opinion on defendant's guilt. *See, State v. Staley,* 292 N.C. 160, 165, 232 S.E. 2d 680, 684 (1977). Neither would he reasonably infer that the court was coercing the jury to render a verdict by any certain time. *See State v. Holcomb,* 295 N.C. 608, 247 S.E. 2d 888 (1978). The comment was an explanation of why a particular date was orally inserted in the form's blank. Defendant has shown no prejudice, and the assignment of error is overruled.

[2]   In his second assignment of error, defendant argues that the court erred in denying his motion for appropriate relief. We disagree.

G.S. 15A-1415(b)(6) allows a defendant to seek appropriate relief upon the ground of newly discovered evidence "which has a direct and material bearing upon the guilt or innocence of the defendant." In the present case, the defense attorney learned after defendant's conviction that one of the State's primary witnesses had been charged earlier with driving under the influence, third offense. The attorney also learned that on the same day the verdict was returned against defendant, the witness was allowed to plead guilty in district court to a reduced charge of reckless driving. Defendant contends that evidence of the plea raises a substantial question as to the motive of the witness' testimony and, therefore, has a direct bearing on his innocence.

According to *State v. Beaver,* 291 N.C. 137, 229 S.E. 2d 179 (1976), defendant is required to meet seven factors in order for a new trial to be granted on the ground of newly discovered evidence. Those factors include that "the new evidence does not

merely tend to contradict, impeach or discredit the testimony of a former witness" and that "the evidence is of such a nature that a different result will probably be reached at a new trial." 291 N.C. at 143, 229 S.E. 2d at 183.

Defendant's own argument supports a denial of his motion. When the sole purpose for which evidence of a plea is offered is to show motive from which a jury can infer lack of credibility, then the only tendency of that evidence is to impeach or discredit the testimony of the former witness.

Furthermore, in ruling on defendant's motion, the court concluded that there was no reasonable likelihood that the evidence would have any effect on the jury if a new trial was had. The conclusion was based in part on the following findings of fact:

> "that he [Frank Borden] in no way was influenced in his testimony in the Superior Court by the disposition of his case in the District Court; that he was advised by no one that his testimony would have any effect on the disposition of his District Court case, and that he expected no favoritism on account of it and was never told by anyone that he would be given any special consideration on account of his testimony for the state in the Fleetwood Butcher case."

Since defendant has failed to except to any of these findings, they are presumed to be supported by competent evidence and are binding on appeal. *Jarman v. Jarman*, 14 N.C. App. 531, 188 S.E. 2d 647, *cert. denied*, 281 N.C. 622, 190 S.E. 2d 465 (1972). We affirm the order denying defendant's motion.

No error.

Judges MARTIN (Harry C.) and HILL concur.