STATE OF NORTH CAROLINA v. BOBBY JEFFREY MONROE

No. 192A91

(Filed 6 December 1991)

1. **Appeal and Error § 22 (NCI4th)— dissenting opinion in Court of Appeals—same result as majority—appeal treated as petition for certiorari**

    Assuming *arguendo* that the dissenting opinion in the Court of Appeals does not constitute a "dissent" entitling the State to appeal to the Supreme Court as a matter of right under N.C.G.S. § 7A-30(2) because that opinion reaches the same result as that reached by the majority, the State's notice of appeal is treated as a petition for a writ of certiorari and is allowed in the exercise of the Supreme Court's supervisory powers over the courts of this state.

    **Am Jur 2d, Appeal and Error §§ 901, 902; Certiorari §§ 6, 10.**

2. **Appeal and Error § 21 (NCI4th)— motion for appropriate relief—no decision in Court of Appeals—review by Supreme Court**

    Where the Court of Appeals erroneously declined to review the merits of the superior court's grant of a new trial in a criminal case on the ground of newly discovered evidence, the action of the Court of Appeals was not a "decision . . . upon review" within the meaning of N.C.G.S. § 7A-28, and that statute thus does not prohibit the Supreme Court

STATE v. MONROE

[330 N.C. 433 (1991)]

from reaching and deciding the issue of whether the State, under N.C.G.S. § 15A-1445, may appeal a superior court order granting a criminal defendant a new trial on the ground of newly discovered evidence.

**Am Jur 2d, Appeal and Error §§ 901, 902.**

3. **Appeal and Error § 81 (NCI4th) — newly discovered evidence — new trial granted—right of State to appeal**

The State has the right under N.C.G.S. § 15A-1445 to immediately appeal a superior court order granting a criminal defendant a new trial on the ground of newly discovered evidence without regard to whether such superior court order is interlocutory in nature.

**Am Jur 2d, Appeal and Error §§ 123, 124.**

ON writ of certiorari to review the decision of the Court of Appeals, 102 N.C. App. 567, 402 S.E.2d 850 (1991), dismissing as interlocutory the State's appeal from an order entered in Superior Court, ROBESON County, on 21 March 1990, by *Brewer, J.,* awarding the defendant a new trial on the ground of newly discovered evidence. Heard in the Supreme Court on 15 October 1991.

*Lacy H. Thornburg, Attorney General, by Valerie B. Spalding, Associate Attorney General, for the State.*

*Cabell J. Regan for the defendant-appellee.*

MITCHELL, Justice.

The issue before the Court is whether the State has the right to immediately appeal a superior court order granting a criminal defendant a new trial on the ground of newly discovered evidence. We hold that the State has the right to immediate appellate review of the superior court's order in such situations.

The defendant was convicted of robbery with a dangerous weapon at the 21 June 1989 Criminal Session of Superior Court, Robeson County. Six months later, on 19 December 1989, the defendant filed a motion for appropriate relief, pursuant to N.C.G.S. § 15A-1415(b)(6), based on the existence of newly discovered evidence. The defendant contended that ballistic tests conducted by the Federal Bureau of Investigation after the defendant's trial would show that the gun the State presented at trial was not the gun actually

**STATE v. MONROE**

[330 N.C. 433 (1991)]

used in the robbery for which the defendant had been convicted. After a hearing, the superior court granted the defendant a new trial on the ground of newly discovered evidence. The State, pursuant to N.C.G.S. § 15A-1445(a)(2), appealed to the Court of Appeals. A divided panel of the Court of Appeals dismissed the State's appeal on the ground that it was interlocutory and declined to review the superior court's order on the merits. Judge Cozort filed a dissenting opinion in the Court of Appeals expressing his view that the Court of Appeals should reach the merits of the case and should affirm the order of the trial court. The State filed a purported appeal of right to this Court, pursuant to N.C.G.S. § 7A-30(2), based on the dissent in the Court of Appeals.

[1] The defendant contends here that since the dissenting opinion in the Court of Appeals reaches the same result as that reached by the majority, it does not constitute a "dissent" entitling the State to appeal to this Court as a matter of right under N.C.G.S. § 7A-30(2). We assume *arguendo* that the defendant is correct. However, exercising this Court's supervisory powers over the courts of this state, we treat the State's notice of appeal as a petition for a writ of certiorari to review the decision of the Court of Appeals, and we allow that petition. N.C. R. App. P. 2. *See also* N.C.G.S. § 7A-33 (1989).

[2] The defendant further argues that N.C.G.S. § 7A-28 bars this Court from reviewing this case. That statute states in pertinent part that, "*Decisions* of the Court of Appeals *upon review* of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C.G.S. § 7A-28(a) (1989) (emphasis added). However, the Court of Appeals erroneously declined to review the merits of the superior court's grant of a new trial in the present case. Therefore, the action of the Court of Appeals in this case was not a "decision . . . upon review" within the meaning of N.C.G.S. § 7A-28. As a result, that statute is not an impediment to this Court's reaching and deciding the issue of whether the State, under N.C.G.S. § 15A-1445, may appeal a superior court order granting a criminal defendant a new trial on the ground of newly discovered evidence.

[3] Ordinarily, the State has no right to appeal from a judgment in favor of a defendant in a criminal case, unless such right has been granted by statute. *State v. Elkerson*, 304 N.C. 658, 669,

285 S.E.2d 784, 791 (1982); *State v. Ward*, 46 N.C. App. 200, 202, 264 S.E.2d 737, 738-39 (1980). By statute the State clearly has been granted the right to appeal a superior court order awarding a defendant a new trial on the ground of newly discovered evidence. N.C.G.S. § 15A-1445(a)(2) (1988). That statute states in pertinent part, "Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division: . . . (2) Upon the granting of a motion for a new trial on the ground of newly discovered evidence or newly available evidence but only on questions of law." *Id.* As a general rule, the appellate courts will not review interlocutory orders entered by a superior court in a criminal case. *State v. Henry*, 318 N.C. 408, 409, 348 S.E.2d 593, 593 (1986). Here, however, the statute grants the State an absolute right to appellate review of a superior court order granting defendant a new trial on the ground of newly discovered evidence without regard to whether such superior court order is interlocutory in nature.

The State filed an appeal with the Court of Appeals in the present case. That court erroneously dismissed the State's appeal on the ground that it was interlocutory. As a result, the majority in the Court of Appeals failed to review the merits of the State's appeal. For the reasons previously discussed in this opinion, we vacate the decision of the Court of Appeals and remand this case to that court for consideration and decision of the issue brought before it by the State's appeal of right—whether the grant of a new trial by the superior court on the ground of newly discovered evidence was proper.

Vacated and remanded.