STEELMAN, Judge.
On 24 March 2003, Officer Jonathan Brown observed a late model silver Cadillac driving at a high rate of speed and running a stop sign in Asheville, Buncombe County. Officer Brown commenced pursuit of the vehicle and activated his blue lights. The vehicle pulled into a bus station and Officer Brown followed, believing the vehicle was stopping in response to his blue light. The vehicle then made an aggressive turn and sped directly toward Officer Brown. Officer Brown observed defendant (with whom Officer Brown was familiar) driving the vehicle, and a female passenger. Defendant sped off with Officer Brown in pursuit. The chase continued at high speed, including periods where defendant wasdriving 70 mph in a 35 mph zone. Defendant ran several red lights. While in pursuit, Officer Brown radioed communications to inform them that he was involved in a chase and to give descriptions of the vehicle and its occupants. Due to the high rate of speed, in what had become a 20 mph zone, and the risks inherent to such a pursuit in downtown Asheville, Officer Brown ceased pursuit of defendant. Approximately twenty seconds after Officer Brown gave up pursuit, Officer Sean Ward, having been alerted to the chase over his radio, observed a silver Cadillac with two occupants matching the description given by Officer Brown driving at a high rate of speed. Officer Ward gave chase with lights and siren on Patton Avenue and Leicester Highway. Officer Ward paced defendant's speed at times at 120 mph in a 45 mph zone, and he observed the vehicle crossing the center line. Leicester Highway becomes a winding mountain road which terminates at its intersection with Highway 209. Officer Ward lost sight of the vehicle and terminated the chase pursuant to department policy. Defendant fled from Buncombe County into Haywood County. Sergeant Don Robinson of the Haywood County Sheriff's Department, also alerted by the radio transmission, ordered his officers to spread out in search of the vehicle. Defendant's vehicle was again located and pursued, with different officers joining in and leaving the chase. Defendant traveled in excess of 20 miles through two counties while evading various law enforcement officers. Defendant was finally arrested in Haywood County after officers disabled the vehicle using stop sticks. Indictments were returned in Buncombe county charging defendant with speeding 120 mph in a 45 mph zone, running a red light, running a stop sign, resisting an officer, two counts of reckless driving, and two counts of felony fleeing to elude arrest on 2 June 2003. The trial court dismissed the resisting an officer charge at the end of State's evidence. The jury convicted defendant on the remaining charges. The trial court arrested judgment on the two reckless driving charges because this was an aggravating factor in elevating the two fleeing to elude arrest charges to felonies. Judgments and commitments were entered on 17 September 2003, sentencing defendant to two consecutive active sentences of 8 to 10 months. From these judgments defendant appeals.
Defendant first argues that the trial court erred in proceeding on two identically worded indictments for fleeing to elude arrest and reckless driving on the same date because they were fatally defective for failing to allege a noncontinuous period of driving or otherwise allege a sufficient factual basis to distinguish each offense. We disagree.
This argument encompasses defendant's assignments of error numbers two, three and four in the record. These assignments of error are: 1) the trial court erred in sentencing the defendant because "the indictments were materially defective and failed to state criminal offenses as defined by law[;]" 2) "[t]he trial court lacked subject matter jurisdiction to accept the jury's verdict because the indictments are facially defective[;]" and 3)the trial court erred in entering judgment on the verdict and sentencing defendant because "the indictments were materially insufficient to charge the offenses . . . ." Defendant further argues that the trial court's actions as set forth in assignments of error 1) and 3) violated his constitutional rights. Defendant did not object to the indictments as being "materially" or "facially" defective at trial, or that they "failed to "state criminal offenses as defined by law." Defendant merely argues in his brief that the evidence did not support two charges because they were both part of the same transaction.
Normally, having not objected at trial, and having not argued plain error in his brief, these arguments would not be properly before us. N.C. R. App. P. Rule 10(b)(1); State v. Nobles, 350 N.C. 483, 514-15, 515 S.E.2d 885, 904 (1999). "However, under Rule 10(a) of the Rules of Appellate Procedure, upon appeal, any party may present for review . . . the questions of whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law." State v. Beaver, 291 N.C. 137, 139-40, 229 S.E.2d 179, 181 (1976). "This is true, notwithstanding the absence of exceptions or assignments of error in the record on appeal." Id. at 140, 229 S.E.2d 179, 181.
In the instant case, defendant attempts to parlay his right to argue the sufficiency of the indictments and subject matter jurisdiction into an argument that his convictions based on the two indictments violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. This he has no rightto do. Having failed to object to the indictments on double jeopardy grounds at trial, and failing to argue plain error in his brief, defendant may not now "swap horses between courts in order to get a better mount" on appeal. Weil v. Herring, 207 N.C. 6, 10 (1934); State v. Woodard, 102 N.C. App. 687, 696, 404 S.E.2d 6, 11 (1991).
Thus, our review is limited to whether the two indictments were sufficient to charge the alleged offenses and confer jurisdiction upon the trial court. N.C. Gen. Stat. § 15A-924(a)(5) requires: "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." The two indictments alleging that defendant twice committed the crime of fleeing to elude arrest in the instant case sufficiently allege each element of the crime, a point defendant does not contest, and thus properly charged each crime and conferred subject matter jurisdiction on the trial court. Defendant's argument that there was only one criminal transaction of fleeing to elude arrest, and thus the evidence at trial could only support one conviction of this crime, represent "allegations of an evidentiary nature" that were properly left out of the indictments. There was a proper procedure for defendant to assert a double jeopardy argument at trial and on appeal, but defendantchose not to follow that procedure. This argument is without merit.
In defendant's second argument, which encompasses his assignments of error numbers seven and nine, he contends that the trial court erred in denying his motion to dismiss one count of fleeing to elude arrest and one count of reckless driving because there was only a single criminal act. We disagree.
First, nowhere in the record does defendant assign error to the denial of his motion to dismiss one count of reckless driving. Thus, this issue is not preserved for appeal. N.C. R. App. P. Rule 10; State v. White, 82 N.C. App. 358, 360, 346 S.E.2d 243, 245 (1986).
Our review is therefore limited to defendant's argument that the trial court erred in denying his motion to dismiss one count of fleeing to elude arrest.
Upon reviewing a motion to dismiss in a criminal trial, "`the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." "`In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.'" "`When ruling on a motion to dismiss, the trial court should be concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence.'"
State v. Littlejohn, 158 N.C. App. 628, 634-35, 582 S.E.2d 301, 306 (2003).
N.C. Gen. Stat. § 20-141.5(a) states in relevant part: "It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties."
In the instant case evidence was presented that defendant fled from Officer Brown after Officer Brown had activated his blue light and siren, speeding through multiple red lights. Officer Brown lost contact with defendant and gave up the chase, determining that pursuit of defendant would involve risk to others. Defendant was out of contact with any law enforcement officer for approximately twenty seconds. Officer Ward, who had been alerted to the chase over his radio, made contact with defendant, activated his blue light and siren, and pulled in behind defendant. Defendant fled from Officer Ward, reaching speeds of 120 mph, and defendant successfully eluded arrest by Officer Ward.
Defendant committed the first offense of fleeing to elude arrest when he failed to stop for Officer Brown. Once defendant successfully eluded Officer Brown, that offense was complete. Once Officer Ward made contact with defendant, defendant had the choice of obeying the blue lights and siren and pulling over, or attempting to flee a second time. Defendant chose to flee. This constituted a second offense of fleeing to elude arrest. We hold there was sufficient relevant evidence to persuade a rational jurorto accept that two distinct offenses of fleeing to elude arrest had occurred.
Defendant argues this outcome allows for absurd results, suggesting that if two patrol cars are simultaneously chasing a suspect, the suspect could then be convicted of two counts of the crime. We disagree. When a suspect flees pursuit, whether by one officer or ten, he has committed the crime of fleeing to elude arrest. If he successfully eludes pursuit, is subsequently pursued by law enforcement, and again chooses to flee, he has committed a second offense. The fact that there was a very short period of time separating the end of the first pursuit and the commencement of the second pursuit does not alter this conclusion. In this case there were two distinct pursuits by different officers at different times. This argument is without merit.
In defendant's third argument, encompassing his assignments of error numbers twelve and thirteen, he contends the trial court erred in instructing the jury on two counts of fleeing to elude arrest and two counts of reckless driving. In light of our holding on defendant's second argument, we hold that this argument is also without merit.
In defendant's fourth argument, encompassing his assignment of error number seven, he makes a "preservation claim" contending that there was insufficient evidence at trial to establish defendant as the driver of the vehicle involved in these crimes. We disagree.
A preservation claim is made when the defendant acknowledges that the decisions of the appellate courts have already determinedthe issue against him, but he desires to preserve the claim in the hope that the decisions of the appellate courts will be overturned in his favor. See State v. Wiley, 355 N.C. 592, 639, 565 S.E.2d 22, 53 (2002). Reviewing the facts of the instant case, and the relevant case law, we agree that defendant's position is against the weight of our state's appellate decisions. See State v. Steelman, 62 N.C. App. 311, 302 S.E.2d 637 (1983). This argument is without merit.
Because defendant has not argued his other assignments of error in his brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).
NO ERROR.
Chief Judge MARTIN and Judge McCULLOUGH concur.
Report per Rule 30(e).