IN THE SUPREME COURT OF NORTH CAROLINA

No. 48PA11-2

FILED 13 JUNE 2013

STATE OF NORTH CAROLINA

v.

BRIAN W. RHODES, JR.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 724 S.E.2d 148 (2012), affirming an order entered on 29 July 2011 by Judge Richard W. Stone in Superior Court, Rockingham County. Heard in the Supreme Court on 7 January 2013.

*Roy Cooper, Attorney General, by Kimberly N. Callahan, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellee.*

MARTIN, Justice.

After defendant was convicted of drug possession offenses, his father stated outside of court that the contraband belonged to him. The trial court concluded this statement was newly discovered evidence under N.C.G.S. § 15A-1415(c) and granted defendant a new trial. Because the information implicating the father was available to defendant before his conviction, the statement was not newly discovered evidence under N.C.G.S. § 15A-1415(c). Accordingly, we reverse the

opinion of the Court of Appeals affirming the trial court's decision to award defendant a new trial.

On 6 February 2008, officers of the Reidsville Police Department executed a search warrant at 1001 Fawn Circle. Brian Rhodes, Jr. (defendant) and his father, Brian Rhodes, Sr., were the subjects of the warrant. When the officers forced entry into the locked house, they found defendant and his mother, Angela Rhodes, downstairs. The officers detained them while they checked the house for other occupants. During this time defendant asked officers to retrieve his medication from his bedroom, which he stated was to the left at the top of the stairs. An officer checked the bedroom and found a bottle of medication on the dresser. On that same dresser were defendant's driver's license and a box that contained a bag of crack cocaine. The address on the driver's license was 1001 Fawn Circle, the address of the residence being searched. In the closet of the bedroom, officers also found a shoebox containing a large bag of a white powdery substance, a small bag of a green vegetable substance, scales, a strainer, and money.

Defendant was charged with possession with intent to manufacture, sell, or deliver cocaine and possession of drug paraphernalia. At trial several officers testified about the events that occurred during execution of the search warrant. A drug chemist with the State Bureau of Investigation testified that the substances seized from the bedroom were 9.9 grams of cocaine base and 12.9 grams of cocaine hydrochloride. The defense presented testimony by defendant, Angela Rhodes, and

Rhodes, Sr. Defense counsel asked Angela Rhodes whether the contraband belonged to "Mr. Rhodes," and she responded, "I'm not going to answer that. That's my husband." When defense counsel clarified that he was referring to defendant, not Rhodes, Sr., she stated that the contraband did not belong to defendant. Defense counsel did not pursue a line of questioning about whether the drugs belonged to Rhodes, Sr. Defense counsel then called Rhodes, Sr. He testified the drugs did not belong to defendant. When Rhodes, Sr. was asked whether the drugs belonged to him, he pleaded his Fifth Amendment privilege against self-incrimination. Last, defense counsel called defendant, Rhodes, Jr. Defense counsel questioned defendant about the execution of the search warrant but did not ask him about the ownership of the contraband.

On 5 March 2010 the jury found defendant guilty of possession with intent to manufacture, sell, or deliver cocaine and possession of drug paraphernalia. The court sentenced him to a term of six to eight months of imprisonment, suspended subject to thirty months of supervised probation. Defendant appealed, and the Court of Appeals found no error in his trial. *State v. Rhodes*, 209 N.C. App. 207, 707 S.E.2d 264, 2011 WL 39053 (2011) (unpublished).

On 28 May 2010 defendant filed a motion for appropriate relief based upon newly discovered evidence. *See* N.C.G.S. § 15A-1415(c) (2011). In the motion defendant alleged that, after the trial, Rhodes, Sr. told a probation officer that the contraband belonged to him. The motion came before the trial court for a hearing

on 25 July 2011. Defendant and the probation officer testified, but Rhodes, Sr. did not. The trial court made the following conclusions of law:

> 1. The witness-probation officer will give newly discovered evidence.
> 2. The newly discovered evidence is probably true.
> 3. The newly discovered evidence is competent, material, and relevant.
> 4. Due diligence was used and proper means were employed to procure the testimony at trial.
> 5. The newly discovered evidence is not merely cumulative.
> 6. The newly discovered evidence does not tend only to contradict a former witness or impeach such witness.
> 7. The newly discovered evidence is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail.

The trial court set aside defendant's conviction and awarded a new trial.

The State appealed from the trial court's order. *See* N.C.G.S. § 15A-1445(a)(2) (2011). The Court of Appeals held that the trial court did not abuse its discretion in awarding defendant a new trial. *State v. Rhodes*, ___ N.C. App. ___, ___, 724 S.E.2d 148, 154 (2012). We allowed the State's petition for discretionary review.

Before this Court, the State challenges the trial court's conclusion of law that "[d]ue diligence was used and proper means were employed to procure the testimony at the trial." Because defense counsel failed to exercise due diligence, the State argues, the trial court erred in concluding that Rhodes, Sr.'s post-trial statement constituted newly discovered evidence as defined by N.C.G.S. § 15A-

1415(c). Defendant argues that the trial court did not abuse its discretion in concluding that defense counsel employed due diligence to procure the testimony at trial. We agree with the State that the trial court's conclusion of law was erroneous.

"The decision of whether to grant a new trial in a criminal case on the ground of newly discovered evidence is within the trial court's discretion and is not subject to review absent a showing of an abuse of discretion." *State v. Wiggins*, 334 N.C. 18, 38, 431 S.E.2d 755, 767 (1993) (citation omitted). "[W]e review the trial court's order to determine whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." *State v. Frogge*, 359 N.C. 228, 240, 607 S.E.2d 627, 634 (2005) (citation and internal quotation marks omitted). "While this Court is bound by the findings of fact made by the [trial court] if supported by evidence, it is not bound by that court's conclusions of law based on the facts found." *State v. Wheeler*, 249 N.C. 187, 192, 105 S.E.2d 615, 620 (1958) (citation omitted), *superseded by statute*, Act of June 23, 1977, ch. 711, sec. 1, 1977 N.C. Sess. Laws 853, 880-84; *see also Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996) ("[A]n abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. A [trial] court by definition abuses its discretion when it makes an error of law." (citations omitted)), *superseded in part on other grounds by statute*, PROTECT Act of 2003,

Pub. L. No. 108-21, § 401, 117 Stat. 650, 670 (2003). Accordingly, we review the

trial court's conclusions of law de novo.

Our Criminal Procedure Act provides that

> a defendant at any time after verdict may by a motion for
> appropriate relief, raise the ground that evidence is
> available which was unknown or unavailable to the
> defendant at the time of trial, which could not with due
> diligence have been discovered or made available at that
> time, including recanted testimony, and which has a
> direct and material bearing upon . . . the defendant's guilt
> or innocence.

N.C.G.S. § 15A-1415(c). "This section of the statute codifies substantially the rule

previously developed by case law for the granting of a new trial for newly discovered

evidence." *State v. Powell*, 321 N.C. 364, 371, 364 S.E.2d 332, 336 (citing *State v.*

*Beaver,* 291 N.C. 137, 229 S.E.2d 179 (1976)), *cert. denied*, 488 U.S. 830, 109 S. Ct.

83 (1988). Our case law stated:

> In order for a new trial to be granted on the ground of
> newly discovered evidence, it must appear by affidavit
> that (1) the witness or witnesses will give newly
> discovered evidence; (2) the newly discovered evidence is
> probably true; (3) the evidence is material, competent and
> relevant; (4) due diligence was used and proper means
> were employed to procure the testimony at trial; (5) the
> newly discovered evidence is not merely cumulative or
> corroborative; (6) the new evidence does not merely tend
> to contradict, impeach or discredit the testimony of a
> former witness; and (7) the evidence is of such a nature
> that a different result will probably be reached at a new
> trial.

*Beaver*, 291 N.C. at 143, 229 S.E.2d at 183 (citing *State v. Casey*, 201 N.C. 620, 161 S.E. 81 (1931)).

"[A] new trial for newly discovered evidence should be granted with the utmost caution and only in a clear case, lest the courts should thereby encourage negligence or minister to the litigious passions of men." *State v. Davis*, 203 N.C. 316, 323, 166 S.E. 292, 296 (internal quotation marks omitted), *cert. denied*, 287 U.S. 668, 53 S. Ct. 291 (1932). The defendant "has the laboring oar to rebut the presumption that the verdict is correct and that he has not exercised due diligence in preparing for trial." *Casey*, 201 N.C. at 624, 161 S.E. at 83. Under the rule as codified, the defendant has the burden of proving that the new evidence "could not with due diligence have been discovered or made available at [the time of trial]." N.C.G.S. §§ 15A-1415(c), -1420(c)(5) (2011); *State v. Eason*, 328 N.C. 409, 434, 402 S.E.2d 809, 823 (1991).

When the information presented by the purported newly discovered evidence was known or available to the defendant at the time of trial, the evidence does not meet the requirements of N.C.G.S. § 15A-1415(c). *Wiggins*, 334 N.C. at 38, 431 S.E.2d at 767. In *State v. Powell* we found no error in a trial court's conclusion that a defendant failed to exercise due diligence when "the defendant knew of the statement of [the witness] during the trial" but failed to procure her testimony. 321 N.C. at 371, 364 S.E.2d at 336. We also agreed there was no newly discovered evidence when a defendant learned after trial that his blood sample had been

destroyed before trial, yet he made no inquiry about the blood sample before or during trial. *State v. Dixon*, 259 N.C. 249, 250-51, 130 S.E.2d 333, 334 (1963) (per curiam). In another case we agreed there was no newly discovered evidence when the defendant learned during his trial that two detectives had located his former roommate before the trial began. *Beaver*, 291 N.C. at 144, 229 S.E.2d at 183. We wrote: "Defendant had ample opportunity to examine [the detectives] as to their knowledge of the whereabouts of [his former roommate]. This he failed to do." *Id.* We further wrote: "[I]f [the] defendant considered [the former roommate] an important and material witness, he should have filed an affidavit before trial so stating and moved for a continuance to enable him to locate this witness. This he did not do." *Id.*

Like these previous cases, the case before us does not present newly discovered evidence. The facts are not disputed.[1] Rhodes, Sr. invoked the Fifth Amendment at defendant's trial when asked whether the contraband belonged to him. After defendant was convicted, Rhodes, Sr. made an out-of-court statement that the drugs belonged to him. He did not testify at defendant's hearing on the motion for appropriate relief. The warrant executed by the officers named both defendant and Rhodes, Sr. The house searched was owned by Rhodes, Sr. and

---

[1] The Court of Appeals noted that the trial court made both a finding of fact and a conclusion of law that the testimony by the probation officer presented "newly discovered evidence." *Rhodes*, ___ N.C. App. at ___, 724 S.E.2d at 152. The court determined the finding of fact was mislabeled and reclassified it as a conclusion of law. *Id.* at ___, 724 S.E.2d at 152. We agree with this determination.

Angela Rhodes. Rhodes, Sr. had a history of violating drug laws. Even though Rhodes, Sr. invoked the Fifth Amendment at trial, the information implicating him as the sole possessor of the drugs could have been made available by other means. *See Wiggins*, 334 N.C. at 38, 431 S.E.2d at 767. On the direct examination of Angela Rhodes, defendant did not pursue a line of questioning about whether the drugs belonged to Rhodes, Sr. In addition, though defendant testified at trial, he gave no testimony regarding the ownership of the drugs. Under the facts before us, the trial court erred in concluding as a matter of law that "[d]ue diligence was used and proper means were employed to procure the testimony at the trial." The purported newly discovered evidence was not evidence "which was unknown or unavailable to the defendant at the time of trial, which could not with due diligence have been discovered or made available at that time." N.C.G.S. § 15A-1415(c).

Our Criminal Procedure Act requires a showing of due diligence so that the adversarial process functions properly. Because information implicating Rhodes, Sr. was available to defendant before his conviction, the trial court erred in concluding that defendant had newly discovered evidence under N.C.G.S. § 15A-1415(c). Accordingly, we reverse the decision of the Court of Appeals.

REVERSED.

Justices JACKSON and BEASLEY took no part in the consideration or decision of this case.